Hillsborough, }
  Jan. 3, 1905. }

## LAMBERT v. HAMLIN.

Upon the question whether the plaintiff in an action for negligence was intoxicated at the time of injury, evidence that she was repeatedly convicted of illegally selling liquor more than five years prior to the accident is properly excluded on the ground of remoteness.

Testimony which relates to collateral and immaterial issues is not open to contradiction for the purpose of impeaching the credibility of the witness, although given by a party to the action upon direct examination.

No exception lies to an order of the trial court whereby hearsay evidence is stricken from the record.

An exception to the exclusion of evidence is unavailing when neither the purpose for which the evidence was offered nor the ground of objection to the ruling is shown by the record.

The failure of a party to call an accessible witness, or account for his absence, warrants the argument that his testimony would have been unfavorable.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. Transferred from the May term, 1904, of the superior court by *Pike*, J. The defendant's exceptions to the exclusion of evidence and the argument of the plaintiff's counsel sufficiently appear in the opinion.

The plaintiff is seventy-one years of age. When injured, on the evening of August 21, 1903, she was keeping a small store which she rented of the defendant, and in which she sold bread, milk, etc. The negligence complained of is the defendant's failure to use ordinary care in the removal of the door-steps while repairing the underpinning of the store, in that he did not notify the plaintiff that they had been removed. She alleges that, in ignorance of their removal, and while in the exercise of ordinary care, she attempted to step out of doors to get a bill changed, and fell and sustained her injuries.

The defendant admits removing the steps while repairing the underpinning, but claims that they were replaced before the accident occurred. He also claims that the plaintiff sustained her injuries by walking off the side of the steps while descending, and that she was intoxicated at the time.

*Doyle & Lucier* and *Ivory C. Eaton*, for the plaintiff.

*George W. Clyde, Henry B. Atherton*, and *Wason & Moran*, for the defendant.

BINGHAM, J.   One of the issues in the case bearing upon the
plaintiff's exercise of care was whether she was intoxicated when
she went out of her store on the evening of August 21, 1903.
The plaintiff claimed that the defendant had removed the steps
over which she was to pass in going from the store, and that he
was negligent in failing to inform her that he had removed them.
The defendant claimed that the steps were in position, and that
the plaintiff was intoxicated and sustained her injuries by step-
ping off the side of the steps.   The plaintiff called the defendant
as a witness.   He testified that the plaintiff sold beer in the store
at or about the time of the accident.   The plaintiff, being subse-
quently called in her own behalf, testified in her examination in
chief, and without objection, that she never sold beer in the store.
In reply to this the defendant offered to show that she had been
convicted four times for selling beer, the last conviction being in
1898, that she pleaded guilty to the charges, and that during the
time covered by the sales she was occupying the store.   This
evidence the superior court excluded, both as a matter of law and
in the exercise of its discretion, and the defendant excepted.

The defendant now urges (1) that the evidence offered by him
was relevant and material to the issue ; and (2) that if that por-
tion of the plaintiff's evidence which he offered to contradict was
collateral and irrelevant, she ought not for that reason to be heard
to object, as it was testified to in her direct examination ; that the
rule preventing the contradiction of immaterial evidence brought
out on cross-examination, for the purpose of impeaching a witness,
does not apply in such a case.

1. If the evidence offered by the defendant was relevant to the
issue, still it was of so remote a character as to be properly ex-
cluded by the court in the exercise of its discretion.   *Kendall* v.
*Flanders*, 72 N. H. 11 ; *Pattee* v. *Whitcomb*, 72 N. H. 249.

2. In the cases adopting the view contended for by the plaintiff
in his second proposition, it seems to have been considered that
the main reason for the rule which prevents a cross-examination
upon immaterial matters, for the mere purpose of contradicting a
witness, is that he cannot be presumed to come prepared to defend
himself on such collateral questions ; and as this reason fails when
the testimony is voluntarily given, the rule itself does not in that
case apply.   But as said in *Blakey* v. *Blakey*, 33 Ala. 611, 620 :
" The reason referred to is doubtless one of those on which the
rule is founded, but is not the only, or even the chief one.   The
principal reasons of the rule are, undoubtedly, that but for its
enforcement the issues in a cause would be multiplied indefinitely,
the real merits of the controversy would be lost sight of in the
mass of testimony to immaterial points, the minds of jurors would

thus be perplexed and confused, and their attention wearied and distracted, the costs of litigation would be enormously increased, and judicial investigations would become almost interminable." Similar reasons are assigned for the rule in *Seavy* v. *Dearborn*, 19 N. H. 351, 356. See, also, *Attorney-General* v. *Hitchcock*, 1 Exch. 91, 104; *Powers* v. *Leach*, 26 Vt. 270, 277. According to the weight of authority, the reasons above assigned apply equally whether the evidence on such collateral matters is brought out on the examination in chief or upon cross-examination, and whether the witness gives it voluntarily or in response to questions calling for it. *Blakey* v. *Blakey*, *supra; Commonwealth* v. *Buzzell*, 16 Pick. 153, 158; 1 Gr. Ev., s. 461*e*; 2 Wig. Ev., s. 1007.

The portion of the plaintiff's testimony which related to sales prior to and including 1898 was collateral and immaterial to the issue; and applying the above principle, the defendant was not entitled to contradict it for the purpose of impeaching the credibility of the plaintiff, though it was introduced by her on direct examination.

3. The exception taken to the order of the court striking from the record certain evidence given by the defendant cannot be sustained. As the examination of the witness proceeded, it was made to appear that he had no personal knowledge in regard to the matters upon which he had been interrogated; that his answers were pure hearsay. Under these circumstances the court properly ordered them stricken from the record.

4. The case does not disclose the purpose for which the evidence in regard to the plaintiff's fall on the night preceding the accident was offered, or the ground of objection to its exclusion, unless it was that it tended to show the plaintiff was intoxicated or weak from old age. But the trial justice has found that the plaintiff's fall on the night preceding the accident may have resulted from any one of so many different causes, other than feebleness or intoxication, that in the exercise of his discretion he declined to allow a trial of the question of the cause of her fall on that occasion, and excluded the evidence. The exception presents no question of law. *Kendall* v. *Flanders*, *supra*.

5. It appeared in evidence that four men by the name of Leroe were working for the defendant about the store on the day of the accident. Three of them testified for the defendant. The fourth was not present at the trial, although he was then in the city where it took place. No reason was given why he was not called. It was therefore proper for the plaintiff to argue that if the witness had been called his testimony would have been unfavorable to the defendant. *Bullard* v. *Railroad*, 64 N. H. 27; *Mitchell* v. *Railroad*, 68 N. H. 96. If it might be said that the plaintiff's

counsel overstepped the bounds of legal argument in stating that the witness was well, instead of arguing that there was no evidence that he was sick, we are unable to see how the error could have been prejudicial to the defendant, in view of the fact that the witness was in the city, and that it was open to the defendant to procure his testimony, either by taking his deposition or summoning him into court.

It is unnecessary to consider in detail the other portions of the argument to which exceptions were taken, as they were clearly warranted by the evidence in the case.

*Exceptions overruled.*

All concurred.