## FARMERS EXCHANGE STATE BANK OF SANGER, NORTH DAKOTA, Respondent, v. CHRIST IVERSON and F. R. Schofield, Defendants. F. R. SCHOFIELD, Appellant.

(201 N. W. 509.)

**Appeal and error — sufficiency of evidence not reviewable in absence of motion for new trial or motion at trial specifying the insufficiency thereof.**

1. The sufficiency of the evidence can not be reviewed upon appeal in the absence of a motion for a new trial or of a motion properly made at the trial specifying the insufficiency of the evidence.

**Appeal and error — failure to request instruction or call court's attention to particular issue precludes predicating error on failure to particularly instruct thereon.**

2. Where counsel has failed to make a request for instruction or to call the

---

Note.— (2) Necessity of request of instruction to predicate error on failure of contract, see 14 R. C. L. 795; 3 R. C. L. Supp. 287; 4 R. C. L. Supp. 920; 5 R. C. L. Supp. 778.

(3) Admissibility of parol evidence, as between indorser and indorsee, that unrestricted indorsement was made merely to transfer title to owner, see anno. 28 L.R.A.(N.S.) 530; 4 A.L.R. 772; 11 A.L.R. 637; 22 A.L.R. 527; 3 R. C. L. 1157; 1 R. C. L. Supp. 1002; 4 R. C. L. Supp. 239, 5 R. C. L. Supp. 220.

attention of the trial court concerning a particular issue arising upon the evidence adduced and otherwise submitted, he can not predicate error upon the failure of the trial court to particularly instruct upon such issue.

**Evidence — indorser in blank cannot establish by parol understanding that it should be without recourse on him.**

3. In an action upon a promissory note an endorser in blank can not establish by parol that the endorsement was made upon the understanding that it should be without recourse to him.

Opinion filed December 5, 1924.

Appeal and Error, 3 C. J. § 745 p. 836 n. 29; § 756 p. 850 n. 24; § 906 p. 985 n. 34. Evidence, 22 C. J. § 1447 p. 1094 n. 51.

In District Court, Burleigh County, *Coffey,* J.

Action upon a promissory note. Defendant Schofield has appealed from the judgment.

Affirmed.

*E. T. Burke* and *McCulloch & McCulloch,* for appellant.

*Hyland & Foster,* for respondent.

## Statement.

BRONSON, Ch. J. This is an action upon a promissory note against defendant Iverson as maker and defendant Schofield as endorser. Defendant Iverson defaulted. Schofield interposed an answer admitting the execution of the note by Iverson, as maker, to him and alleging that he sold the note to one Tourtlotte upon the express agreement that said Tourtlotte took the same without recourse. Upon trial before a jury a verdict was returned in plaintiff's favor. From the judgment entered and without any motion for a new trial Schofield has appealed.

The material facts are:—Defendant Iverson on April 26th, 1920, made to Schofield a note for $350.00 due Dec. 1st, 1920. To secure this note Iverson also made to Schofield a chattel mortgage upon some horses. Schofield is a ranchman residing some seven miles West of Hensler, N. D. He was indebted to one Tourtlotte operating the Sanger Mercantile Co. at Sanger, N. D. for some machinery purchased. In October, 1920, he suggested to Tourtlotte that he purchase this note and credit his account therewith. Tourtlotte advised that he could

not handle the note but if it could be turned at the plaintiff bank he would give him credit for the note. Tourtlotte went to plaintiff bank in Sanger. The bank agreed to take the paper. Between Schofield and Tourtlotte the understanding was that the transfer of the note should be without recourse against Schofield. Schofield accordingly delivered the note. There is some dispute in the testimony whether it was delivered to Tourtlotte and by him delivered to the bank or whether the delivery was made at the bank by Schofield or when Schofield was present. The note on its back bears the endorsement of defendant Schofield's name. He denies that he ever endorsed this note. Some testimony was adduced to the effect that the endorsement was the signature of defendant Schofield. The plaintiff bank received the note and gave to Tourtlotte credit for the amount thereof. Tourtlotte in turn gave credit to defendant Schofield. In these transactions the chattel mortgage securing the note accompanied the note. At the close of the evidence defendant made a motion for a dismissal of the action on the ground that the note was endorsed to plaintiff bank but that the same was sold and delivered to the witness Tourtlotte. Perhaps defendant intended to assert as a ground that the note was not endorsed to plaintiff bank and the omission of "not" is by reason of clerical error; but, in any event, no other motion or specifications of any kind were made. The trial court submitted to the jury, as issues, the question whether the note was transferred by Schofield directly to the bank or sold by Schofield to Tourtlotte and by him transferred to the bank subject to the oral agreement or with notice thereof. The court further charged the jury concerning the law affecting holders of negotiable instruments in due course.

Upon this appeal appellant urges error of the trial court in admitting certain evidence relating to the identification of Schofield's signature; in denying defendant's motion for dismissal of the action; and in its instructions through failure to submit to the jury the question specifically concerning the genuineness of the signature of the name Schofield as endorsed upon the note, and also instructing the jury practically to the effect that the plaintiff claimed that the transfer was made directly with appellant. It is also urged that the evidence is insufficient to sustain the verdict.

## Opinion.

Through the failure of the appellant either to make a motion for a new trial specifying particularly grounds concerning sufficiency of the evidence or to make the sufficiency of the evidence a ground in its motion for dismissal, the question of the sufficiency of the evidence accordingly is not before this court. Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; Horton v. Wright, B. & S. Co. 43 N. D. 114, 174 N. W. 67. See O'Dell v. Hiney, 49 N. D. 160, 190 N. W. 775. Likewise, the appellant through failure to make request for instruction or to direct the attention of the trial court concerning the issue of the genuineness of the signature involved is not now in a position to complain. See Reineke v. Commonwealth Ins. Co. 52 N. D. —, 202 N. W. 657. See Vannett v. Reilly-Herz Auto. Co. 42 N. D. 607, 173 N. W. 466; Marshall Wells Co. v. Regan, 46 N. D. 125, 180 N. W. 54. Defendant tendered the issue that an express agreement of sale without recourse was made. Manifestly, there was no reason or occasion for proving an express agreement if, in fact, no endorsement had been made. In some respects the instructions of the trial court were too favorable towards the defendant. By the instructions the jury were authorized to find that if the note was sold to Tourtlotte upon an express agreement without recourse (which necessarily implied an endorsement) the jury would be entitled to find for defendant if plaintiff had notice thereof. Without objection or complaint defendant permitted such instructions and such issues to be submitted to the jury. The verdict, as returned, may be supported as a finding of an endorsement by defendant of the note, whether it was sold directly to plaintiff or to Tourtlotte with the express agreement and without notice to plaintiff. In other words the necessity of proof, or of an issue, concerning the express agreement involved, arose only in the event that defendant did in fact endorse the note. Upon a finding of an endorsement by appellant of the note in blank then, as a matter of law, appellant was precluded in the absence of equitable grounds of fraud, etc., from asserting or establishing by parol that the endorsement which carried in law a liability with recourse was, in fact, a liability without recourse. Bank of Conway v. Stary, ante, 399, 37 A.L.R. 1186, 200 N. W. 505; Baird v. Publishers' Nat. Serv. Bureau, ante, 374, 199 N. W. 757;

Neg. Inst. Act, p. 307; 5 Unif. Laws Anno.; Aronson v. Nuren-berg, 218 Mass. 376, 105 N. E. 1056; Palmersheim v. Hertel, 179 Wis. 291, 191 N. W. 567. The trial court did not err in receiving the evidence concerning the signature of the appellant. The judgment is affirmed with costs.

CHRISTIANSON, BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.