TOWNER COUNTY, a Municipal Corporation, Respondent, v. F. C. ROTHER et al., Defendants. A. C. CURRIE and J. J. Mullett, Appellants.

(219 N. W. 110.)

**Pleading — when defenses are not maintainable.**

1. Defenses not pleaded are not maintainable against seasonable objection.

**Depositaries — default — notice of subsequent default supports judgment for plaintiffs.**

2. The bond given by a bank as security for county funds contained a provision requiring the obligee to give notice to the sureties of any default on the part of the bank, within ninety days after knowledge of the default came to the obligee. The evidence examined and it is *held* an alleged default did not occur and due notice of subsequent default was given in accordance with the terms of the bond.

Opinion filed March 30, 1928. Rehearing denied April 21, 1928.

Depositaries, 18 C. J. § 87 p. 597 n. 10. Pleading, 31 Cyc. p. 680 n. 69.

Appeal from the District Court of Towner County, *Kneeshaw,* J. Affirmed.

*Kehoe & Verret,* for appellants.

"Sureties and guarantors are not to be held liable beyond the express terms of their engagement. This doctrine is well established, and has the sanction of the Supreme Court of the United States." Simpson Logging Co. v. Northwest Bridge Co. (Wash.) 137 Pac. 127.

"In accordance with the rule that the guarantor cannot be held liable beyond the strict terms of his contract, as a general rule, any material change in the manner of its execution, without the consent of the guar-

antor, will release him from liability there." 28 C. J. 994, § 155.  J. R. Watkins Medical Co. v. McCall (Minn.) 133 N. W. 966.

*Houska & Stevens,* for respondent.

"One who voluntarily enters into an engagement which purports to be required by an unconstitutional law, for the purpose of enjoying the benefits and advantages to be derived therefrom, and where the contemplated benefits and advantages have accrued to such person, he and his sureties are precluded from denying the validity of the engagement or undertaking." State v. Mundy, 53 N. D. 249, 205 N. W. 684.

BURR, J. This is an action to recover on a $10,000 bond given by the Towner County Bank to enable it to become a depository of the funds of the plaintiff county. The defendants are the sureties on said bond. Defendants F. C. Rother, A. M. Rother and C. H. Alcock defaulted.

There is but one defense set up by the defendants Currie and Mullett. A copy of the bond was attached to and made a part of the complaint. The bond contains this provision, among others:

"Provided, further, that said obligee shall give notice to said sureties of any default on the part of the said depositary in its obligations hereby secured within 90 days after knowledge of such default is had by such obligee."

The answer states that the depository defaulted in its obligations on or about April 13, 1925 and that notice of default was not given until on or about October 30, 1925. At the close of the case both sides moved for a directed verdict. The court rendered judgment in favor of the plaintiff and against all of the defendants and the defendants Currie and Mullett appeal.

There are but two issues involved in this appeal. Appellants say: First, the bond was never in force and effect; and second, that plaintiff violated the provision of the bond requiring it to give notice to the sureties of default within 90 days after knowledge of such default is had by such obligee, and "that because thereof these answering defendants were and are released and discharged from liability on said bond."

The contention that the bond was never in force and effect is not involved in the pleadings. The defense sought is not set forth in the answer. There is a general denial "of every allegation contained in said amended complaint except as herein expressly admitted, modified or

qualified." Among the allegations thus denied is the allegation that the Towner County Bank "was duly designated a depository in accordance to law, by resolution passed by the board of county commissioners of Towner county, North Dakota, of the funds and money of the plaintiff county." There is also a general denial of the allegation that said bond was duly approved and adopted as provided by law, and accepted by the plaintiff. There is no claim of lack of consideration or that this bond was executed relying upon the execution of any other bond, and defendants admit they executed the bond described in the complaint. At the trial the defendants attempted to prove that at the time the Towner County Bank was designated as a depository it was required to furnish a surety bond for $5,000 as well as a personal bond in the sum of $10,000 and that later the board of county commissioners accepted a surety bond in the sum of $3,000. The claim of appellants that the bond was never in force and effect is based upon an interpretation of the resolution of the county commissioners designating the Towner County Bank and other banks as depositories of county funds. This resolution was adopted July 2, 1923 at the regular meeting of the board. Thirteen banks were designated depositories. All were required to furnish surety bonds in varying amounts, and twelve of them, including the Towner County Bank, were required to furnish personal bonds in varying amounts. The text of the resolution, so far as it governs the amount and character of the bonds as required, is as follows:

"Be it further resolved, That before the said banks hereinbefore mentioned can qualify as such depository banks and before they enter upon their duties as such depositories, they and each of them are required and must give bonds to said Towner county, in such sums and of such nature as after each bank designated. . . ."

Then follow separate columns giving the amount of surety bond and the amount of personal bond required of each bank, specifying that the Towner County Bank must furnish a $5,000 surety bond and a $10,000 personal bond.

Appellants attempted to prove that the commissioners accepted a $3,000 surety bond in lieu of the $5,000 bond without the knowledge or consent of appellants. The court sustained objections to the questions tending to show this state of affairs. Of this the appellants complain. It appears that the so-called surety bond was paid in full, that

when the bank failed the indebtedness of the Towner County Bank to the plaintiff was $10,334.83 and thus the indebtedness of the depository was reduced to $7,334.83.

Chapter 199 of the Session Laws of 1923, being § 714a1 to section 714a20 of the Supplement was the law governing depositories of county funds at the time the bond was given. This statute provides that "the amount of county funds deposited by the county commissioners in any one bank (shall not) exceed the combined capital and surplus of such bank" and further provides that the bond to be given by a depository "shall not be less than the largest amount on deposit with such depository at any one time." It is clear, therefore, that the amount of the bonds furnished is the maximum limit for deposits in the bank. This is why the extent of liability is stated in the bond. Each bond is independent of the other, and is a separate contract. Under the statute the Board of County Commissioners has the right to determine whether the bond given shall be a surety bond or a personal bond or bonds of both character. There is no claim that this bond was executed in reliance upon the other bond or that the giving of the surety bond was a condition precedent to the giving of this bond. The amount on deposit equaled the two bonds furnished, with a small amount of interest on the deposits, and was the maximum which could be deposited on the security of both bonds. The court was correct in sustaining the objection to this line of testimony offered. It was entirely immaterial to the case, in the light of the issues involved and the defense set forth.

The affirmative defense is based upon the provision of the bond heretofore set forth and appellants say notice of default was not given within 90 days after knowledge thereof. This raised a question of fact which the trial court resolved in favor of the plaintiff. The record shows that on April 13, 1925 the plaintiff drew on the bank for the sum of $2,000; that the draft was presented to the bank for payment; that at said time the bank was open for business, continued to transact business, and did not close its doors until October 1925; that when the draft was presented one F. C. Rother, president of the bank went to one of the county commissioners stating, our reserve was low and that we were not in position to take care of the draft. Thereupon they called on two more of the county commissioners to devise ways and means whereby the bank would not be compelled to pay cash on the draft, the bank officials mak-

ing a similar statement as to the condition of the reserve; that the commissioners of Towner county were not in regular session at the time and this gathering was merely informal; that after consultation with the treasurer of the county it was agreed the treasurer would issue a check on the First National Bank of Cando; this was done and the bank made entry in its books showing payment of this draft for $2,000 and the deposit of the check for $2,000 and the draft was stamped "paid," April 17, 1925. This testimony was offered to show knowledge on the part of the board, and it is claimed the action of the bank was such as to constitute default in its obligations entitling the defendants to notice thereof within ninety days. It is admitted that if this was not a default on the part of the bank then the appellants received notice of subsequent default within the time prescribed by the terms of the bond.

It is clear that this transaction regarding the draft was not a default. The draft was paid and the bank continued to do business. Subsequent deposits were made by the county in the bank and while there is no record of any other drafts on the bank there was no attempt on the part of the county to treat this transaction as a default or to withdraw the deposits. These subsequent deposits were made under an arrangement with the county treasurer whereby he sent to the bank the names of the taxpayers residing in the territory tributary to the bank and the amount of taxes each taxpayer was to pay; the taxpayers, instead of going to the county seat and paying their taxes, went to the bank and paid their taxes there and the amount was credited to the account of the county; the bank notified the treasurer of these payments; and the treasurer then made out receipts for the taxes and sent these receipts with deposit slips for like amounts to the bank. We are of the opinion the court was justified in holding that this transaction regarding the draft was not a default.

It being admitted that otherwise notice was given within the time required by the bond the judgment of the lower court is affirmed.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.