HUBERT ZIMPRICH, Respondent, v. WINN COMAN, Appellant.

(234 N. W. 69.)

Opinion filed January 5, 1931.

*Conmy, Young & Conmy,* for appellant.

298

*G. W. LaBree,* for respondent.

NUESSLE, J. The plaintiff, driving a Chevrolet coach on United States Highway No. 10, on the night of November 13, 1929, collided with a truck belonging to the defendant and driven by one of his servants. The truck was heavily loaded and was proceeding eastward along the highway. As a result of the collision the plaintiff was injured and his car was practically demolished. He sued to recover for the damages suffered. The case was tried to a jury. Plaintiff had a verdict. Thereafter, proper foundation having been laid therefor,

defendant moved for judgment notwithstanding the verdict. The motion was denied. This appeal is from the judgment.

The plaintiff in his complaint alleged that the negligence of the defendant proximately causing the damage was as follows to wit: "That said truck . . . was so carelessly driven, managed and operated by the driver thereof as to recklessly and wrongfully drive into and collide with and overturn the car of the plaintiff into the ditch, and did wreck, smash up and damage said plaintiff's car. The facts and particulars with reference thereto are as follows, to wit: That said truck was being propelled at a high, excessive and unlawful rate of speed and approaching the car of said plaintiff in the center of the highway; that upon nearing said plaintiff's car drove into the left side thereof, overturning it into the ditch on the right side of the said highway, completely demolishing said plaintiff's car, damaging and smashing the same." The defendant, answering, denied that the plaintiff was injured or his car damaged because of the negligence of the defendant or his servant, and further pleaded contributory negligence. He also counterclaimed for damages to his truck alleging that the plaintiff operated his car in a careless and negligent manner, failed to comply with the rules of the road, had no lights as required by law, and drove on the wrong side of the road at an excessive rate of speed.

On this appeal the defendant challenges the sufficiency of the evidence to sustain the verdict and complains on account of rulings of the court in denying his motions predicated on the alleged insufficiency of the evidence and on account of instructions given and refused by the court.

Defendant insists that the evidence is insufficient to sustain the verdict for the plaintiff and on that account the court erred in denying his motions for directed verdict, for dismissal and for judgment notwithstanding the verdict. The defendant's contention in this behalf is that the plaintiff particularly set out and alleged in his complaint the negligence he relied upon as a basis for his cause of action, to wit: driving at an excessive rate of speed and on the wrong side of the road; that no other negligence is alleged; that the evidence fails to establish these acts of negligence; that while there is some evidence in the record tending to establish that the lights on the defendant's truck were over

bright and glaring and were not dimmed as plaintiff and defendant approached each other and thereby the accident was caused, nevertheless negligence in these respects was not pleaded and so the plaintiff cannot recover on account thereof; that the defendant at the close of the plaintiff's case and again at the close of the whole case directed plaintiff's attention, as well as the attention of the court, to the insufficiency of proof and to the fact that negligence with respect to the lights was not pleaded and so could not be relied upon; that the plaintiff did not ask leave to amend and did not amend his pleadings; that accordingly there can be no recovery on account of the defendant's negligence, if such there was, with respect to the lights and that there is no evidence to establish the negligence pleaded by the plaintiff; that therefore the evidence is insufficient to sustain the verdict.

It appears that the plaintiff was driving westward along the highway at about thirty miles an hour. The roadway was 32 feet wide, tarred and graveled and in good condition. The night was very dark. The only testimony as to the speed at which the defendant's truck was being driven was that of the driver. This testimony was that. the speed of the truck just prior to the collision was not to exceed ten miles an hour. He further testified that he was on his own side of the road. The truck was an International three ton truck. It carried a caterpillar tractor so that the load was a very heavy one. As a result of the collision the plaintiff's car was thrown into the ditch, the plaintiff was injured and the car was practically demolished. The truck traveled about 30 feet after the collision. It stopped in the center of the highway facing northeast. The front end was a little over the center to the left of the highway. The left front tire was blown out. The radius rods were bent, the lever on the left front spring was broken, the arm on the left front wheel was bent, and the front wheels were cramped to the left. Plaintiff's own testimony is that as he approached the truck he saw the lights on it, high and very bright; that the truck seemed to be on its own side of the road, close to the center; that he drove his car as far to the right side of the road as he could; that he dimmed his own lights but the truck not reciprocating he turned them on again; that he was blinded by the lights on the truck; and that just before the collision he took his foot off the gas and put on the brakes. Considering the whole record we are not prepared to say it is insuf-

ficient to sustain a finding that the truck at the time of the collision was trespassing somewhat on the wrong side of the highway and that this was the cause of the accident. Neither can we say, considering the whole record, that as a matter of law the plaintiff was guilty of contributory negligence. It follows that the motions for directed verdict, for dismissal and for judgment notwithstanding the verdict, were properly denied.

The complaint alleges negligence on the part of the defendant in driving on the wrong side of the road and at an excessive rate of speed. Clearly the plaintiff thereby limited his claim of negligence to these two grounds. The rule is firmly established in this jurisdiction that where a plaintiff in an action for negligence sets out in his complaint the specific acts of negligence upon which he relies, he is thereby restricted in his proofs and must recover, if he recovers at all, upon the particular acts of negligence set out in his complaint. Hall v. Northern P. R. Co. 16 N. D. 60, 111 N. W. 609, 14 Ann. Cas. 960; Gast v. Northern P. R. Co. 28 N. D. 118, 147 N. W. 793. And this is the general rule. See Greco v. Western States Portland Cement Co. 84 Kan. 110, 113 Pac. 410, Ann. Cas. 1912A, 638, and cases cited; Phelan v. Foutz, 200 Iowa, 267, 204 N. W. 240; Flaherty v. Butte Electric R. Co. 40 Mont. 454, 135 Am. St. Rep. 630, 107 Pac. 416; 45 C. J. 1133, et seq.; 20 R. C. L. 177. There is some evidence in the record tending to show that the lights on the truck were so placed and so bright and glaring as to blind the plaintiff and that the driver failed to dim them, and, as a consequence, the collision resulted. This is the basis of the defendant's contention with respect to the variance between plaintiff's evidence as to the condition and character of the lights on the truck and the effect thereof, and the allegations of negligence in the complaint. No objection was made when the evidence in question was offered, but it appears that such evidence might well be considered as only incidental to the proofs in support of the issues made by the pleadings. Consequently there is no room to say that by failing to object when it was introduced the defendant waived his right to urge a variance. He raised the point seasonably by his motion to strike out the evidence. He further directed the attention of the court to the point by his motions for a directed verdict, and for dismissal. When these motions were denied he requested an instruction that the

plaintiff had made no claim of negligence in his complaint on account of glaring headlights on the defendant's truck and that the jury could not take testimony in this regard into consideration in determining the question of negligence in the case. This request was refused and the jury were permitted to pass upon the question of negligence with respect to the lights on the truck as well as with respect to the negligence pleaded. This was erroneous. The defendant had a right to have the issues submitted to the jury confined to those made by the pleadings. Submitted as the case was, the jury may have based their finding and verdict on negligence with respect to the lights on the truck. It is impossible to say on what ground the verdict was based. Accordingly the judgment must be reversed and a new trial ordered. See McLeod v. Simon, 51 N. D. 533, 200 N. W. 790; Emanuel v. Engst, 54 N. D. 141, 208 N. W. 840; Black v. Smith, 58 N. D. 109, 224 N. W. 915.

Other points are raised by the defendant but in view of the fact that a new trial must be ordered for the reasons as set out above it will not be necessary for us to consider the same.

Judgment reversed and a new trial ordered.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL, and BURKE, JJ., concur.