This is an action for personal injury claimed to have been caused by an automobile accident. There was a verdict for the defendant upon which judgment for dismissal was duly entered. Thereafter a motion for a judgment notwithstanding the verdict or for a new trial was denied and the plaintiff appealed from the order denying the motion for a new trial and from the judgment of dismissal. The appeal from the order denying the new trial was not made within the statutory time and as there was no motion for a directed verdict at the close of all the testimony the only errors which can be considered on the appeal from the judgment are those which appear upon the face of the judgment roll. Hedderich v. Hedderich, 18 N.D. 488, 123 N.W. 276; Zimbelman v. Lah, 61 N.D. 65, 237 N.W. 207; Gade v. Collins, 8 S.D. 322, 66 N.W. 466; Heald v. Strong, 24 N.D. 120, 128 N.W. 1114.
It follows that all errors assigned upon the insufficiency of the evidence cannot be considered on the appeal from the judgment, as all such alleged errors were passed upon by the trial court and are conclusive in the absence of an appeal from an order denying a new trial.
Assignments one to twelve inclusive relate to alleged errors in the admission of testimony, but were not argued in brief or oral argument and are deemed abandoned. The complaint charges the defendant with the careless operation of his Chevrolet car at a street intersection in the city of Minot in causing the said car to run into and injure the plaintiff. It is alleged that the injury to the plaintiff was the result of the negligence and carelessness of the defendant in traveling at an excessive rate of speed and not having the said car under control at said street intersection and in not observing and looking out for pedestrians *Page 250 
in crossing and in making a left turn at said intersection: that is, the negligence relied on for a recovery is, (1) excessive rate of speed, (2) not observing and looking out for pedestrians, (3) in making a left turn at said intersection.
The defendant denies any negligence on his part and alleges that while driving his car slowly and under perfect control the plaintiff carelessly stepped in front of and came in contact with the extreme left end of the bumper on defendant's car and denies that the plaintiff was injured.
There is very little, if any, dispute in the testimony relating to the accident. On the 13th day of June, 1931, the plaintiff was walking east on the north side of Central Avenue in the city of Minot. At the intersection of Central Avenue and Main Street he stopped to await the "go" signal of the semaphore by which traffic was directed at the intersection of Main Street and Central Avenue. At the time the plaintiff was walking east on the north side of Central Avenue, the defendant was driving his Chevrolet car on the south side of the street and finding the "go" signal closed, he stopped also to await the signal to go. When the signal was given the plaintiff and defendant started on their way; the plaintiff proceeding directly east on the cross street; the defendant making the left turn, as required by instructions on the semaphore. After making the turn the defendant started directly north. He saw the plaintiff on the crosswalk, but his attention was diverted by a truck headed west on Central Avenue and if it (the truck) came on it would have hit the hood of his (defendant's) car. The truck stopped and the defendant saw that the plaintiff was almost against his car, not more than two feet from the left end of the bumper. The defendant was driving four or five miles an hour and immediately applied the brakes and stopped within two feet. The plaintiff's right leg below the knee came in contact with the extreme left end of the bumper on defendant's car. He fell over on the fender and slid off on the pavement on the left side of the car; the car facing north and plaintiff on pavement west of the car. He got up immediately and had a conversation with the defendant. He did not see defendant's car until after he was hit.
The plaintiff testified: "I came from the Grand Hotel, walked down Central Avenue and stopped for the semaphore to turn and when it turned my way I started to cross the street. I got two-thirds of the *Page 251 
way across the street and the first thing I knew I was hit by a car. I couldn't say whether there were any cars west of the signal on Central Avenue waiting to go east. I never looked clear around and never saw any. When I entered the pedestrian right of way there were no cars approaching from either direction. I watched to my right for left hand turns coming down there until I got to the post, the semaphore, and after I got by the semaphore I looked to the southeast for traffic from that way, and I was about two-thirds of the way across the street when Mr. Kent struck me. I did not see the car until after he struck me. I looked to see if there was any cars on Central Avenue on the west side of the intersection and I kept a lookout in the direction from which cars would come. There was no car and I did not see the truck. It was the bumper on the left side of the car that struck me. The car hit to the right of me. I was lying on the west side of the car and it was the extreme left side of the car bumper that hit me. I fell on my hand and then on my hip and struck my head. The bumper struck me a little below the knee. Q. After you hit the ground you immediately got up, did you not? A. Well, just about immediately, yes."
On defense the defendant testified that "I and my wife were driving on Central Avenue in our Chevrolet car; when we got to the intersection of Main Street I stopped. The stop and go sign was on `stop' and we waited until the sign turned to `go.' I started up and made the left turn north on Main Street. The instructions to turn to the left were on the semaphore or inside post. I did not see the plaintiff at that time. I first identified him just prior to the time I struck him. He was just a little to the left of my car coming in toward the car in front of it. He was walking in an easterly direction. At the time I was just a little outside of the line of traffic of pedestrian about a foot. I had practically squared around and was going north at right angles from the pedestrian lane. He stepped in front of my car and the extreme left edge of the end of the bumper hit him. He threw out his hand and in some way got in a sitting position on top of the fender. He was sitting more or less on the edge of the fender and he slid off in a sitting position on the pavement. He got up and came to the window. I would say I was traveling between four and five miles an hour. I traveled from one and a half to two feet before I stopped. He got up immediately. My car was headed straight north at the time of the accident. *Page 252 
The plaintiff was between two and three feet from the car when I first saw him. There are two parallel lines extending from one curb to the other east and west, indicating the pedestrian walk and plaintiff was walking at the time about a foot inside of the two lines. At the time of the accident I was going straight north and had come around and was going at right angles with this man."
Mrs. A.E. Kent's testimony is practically the same as her husband's.
Assignments thirteen to twenty-one inclusive are considered together in appellant's brief. These assignments all relate to the instructions or lack of instructions given by the court. (1) The court instructed the jury "that it was the duty of the plaintiff in crossing the Main Street at the place where the testimony showed that he was crossing Main Street to exercise ordinary care to avoid a collision with vehicles and it was his duty to be on the lookout for approaching vehicles and I charge you further that if you find from the evidence that the plaintiff failed to exercise ordinary care to avoid collisions with vehicles at the time he was crossing Main Street and failed to keep the proper lookout for approaching vehicles, then the plaintiff was guilty of contributory negligence and if you find the said contributory negligence contributed proximately to his injury even in the slightest degree then you must find for the defendant for a dismissal of this action."
Appellant does not contend that this would not be a proper instruction in a case where the question of contributory negligence was involved. It is his contention that there is no evidence in this case warranting an instruction on contributory negligence at all and therefore it was an error to give it. There is no merit to this contention.
In broad daylight the plaintiff started to walk across Main Street and at the same time the defendant started his automobile on Main Street, making the required left turn to the left of the semaphore and then turning north to go down Main Street on the right hand side. His attention was diverted momentarily by a truck coming west on Central Avenue and which truck would have struck the east side of the hood of defendant's car, but it stopped and the defendant, looking down Main Street, saw the plaintiff within two feet of the extreme left end of the bumper on his car. He was driving four or five miles an hour at the time; he immediately applied the brakes and stopped his car within two feet. The plaintiff apparently stepped right in front of *Page 253 
the left end of the bumper on defendant's car without even looking. He testified that when he left the curb, he looked but did not see any cars waiting to make this left turn. He did not see any cars at all. He did not see the truck which came up Central Avenue from the east. Apparently there was no traffic at that particular time that interfered with his vision in any way; contributory negligence was involved, was an issue and the instruction given by the court was as favorable to the plaintiff as the facts warranted.
The next instruction assigned as error is as follows: "Neither the plaintiff's nor the defendant's right to proceed was absolute. The direction of the traffic device inviting both plaintiff and defendant to proceed did not give either of them a right to proceed superior to that given the other. In exercising the right to proceed each was bound to use that degree of care and caution to avoid inflicting or receiving injury which persons of ordinary care and prudence would have used under like circumstances. The plaintiff was under the duty of using reasonable care to avoid placing himself in such a position that others of the street and in the exercise of reasonable care, might be unable to avoid injuring him." This is only part of the instructions, the court continues as follows: "On the other handthe defendant was under the duty constantly to exercisereasonable care and diligence to anticipate the presence ofpedestrians and to drive with such speed and to have his machineunder such control and to so operate it as to avoid injuring them
while they were in the lawful use of the street in the exercise of reasonable care."
As the evidence shows that both plaintiff and defendant were proceeding in accordance with the invitation of the traffic device, it is proper to say that the right of neither was absolute. It was also correct to say that each was bound to exercise that care which persons of ordinary prudence would have used under like circumstances. In so far as the instruction placed a duty upon the plaintiff to use reasonable care to avoid placing himself in such a position that others using motor vehicles in the exercise of reasonable care might be unable to avoid injuring him, it might have been somewhat confusing to the jury. However, this being followed by the charge that it was the duty of the defendant constantly to exercise reasonable care and diligence to anticipate the presence of pedestrians and to have his machine under such *Page 254 
control as to be able to avoid injuring pedestrians, there was but little likelihood that the instruction was misleading. If the plaintiff desired a more specific instruction as to the duty of the defendant under the statute (Session Laws 1927, chapter 162, § 17), in making a left hand turn, he should have requested it. For a case very much in point, see Maggart v. Bell, 116 Cal.App. 306, 2 P.2d 516.
Appellant further contends that the court erred in not instructing the jury that the defendant was bound, as a matter of law, to give a signal or blow his horn to advise the plaintiff of his approach and also erred in not giving an instruction on the last clear chance. The negligence alleged in the complaint upon which the plaintiff claims the right to recover is limited to (1) driving at an excessive rate of speed at an intersection; (2) in not having car under control; (3) in not observing or looking out for pedestrian; (4) in making a left hand turn at the intersection. In the case of Zimprich v. Coman, 60 N.D. 297,234 N.W. 69, this court said: "The plaintiff alleges negligence on the part of the defendant in driving on the wrong side of the road and at an excessive rate of speed. Clearly the plaintiff thereby limited his claim of negligence to these two grounds. The rule is firmly established in this jurisdiction that where a plaintiff in an action for negligence sets out in his complaint the specific acts of negligence upon which he relies, he is thereby restricted in his proofs and must recover, if he recovers at all, upon the particular acts of negligence set out in the complaint." Hall v. Northern P.R. Co. 16 N.D. 60, 111 N.W. 609, 14 Ann. Cas. 960; Gast v. Northern P.R. Co. 28 N.D. 118, 147 N.W. 793.
"The rule of the last clear chance is not available in an action for injuries at a railroad crossing where the complaint merely alleges specific acts of negligence consisting of excessive speed in approaching the crossing and failure to give suitable warnings." Gast v. Northern P.R. Co. and Hall v. Northern P.R. Co. supra; Hart v. Northern P.R. Co. (C.C.A. 8th) 196 Fed. 180, 181.
In the instant case plaintiff did not ask for any instructions and the court instructed fully upon the issues as raised by the pleadings. In the case of Harmon v. Haas, 61 N.D. 772,241 N.W. 70, at page 72, 80 A.L.R. 1131, this court said: "It is not compulsory upon a trial court to present every issue that may be raised by the testimony, without *Page 255 
a request directing the attention of the court thereto so long as the main issues under the pleadings are defined and submitted. If a party desires more complete and specific instructions on any special point, it is his duty to request such instruction." Huber v. Zeiszler, 37 N.D. 556, 164 N.W. 131; Andrieux v. Kaeding,47 N.D. 17, 181 N.W. 59; Farmers Exch. Bank v. Iverson, 51 N.D. 909,201 N.W. 509.
Appellant also contends that it was error to permit defendant's counsel, in his argument to the jury, to comment on the failure of the plaintiff to call doctors to testify as witnesses in his behalf. The plaintiff, in his complaint, claims that through the negligence of the defendant, he has been permanently injured in body and health in the sum of twenty thousand dollars. He testified that after the accident he got up immediately, walked to Dr. Wood's office and consulted Dr. Wood and Dr. McCannel and had been treated by both doctors for his injuries, which he claims were the result of the defendant's negligence. There is no evidence of plaintiff's injuries in the case, except his own testimony and since his own testimony showed that he had been treated by Dr. Wood and Dr. McCannel, it was proper for counsel for the defense to comment on the failure of plaintiff to call Dr. McCannel and Dr. Wood as witnesses in his behalf and to draw the inference therefrom that the testimony of the doctors would not be favorable.
"Inferences from proven facts may be properly drawn. Advocates may make deductions from the issues and the evidence and within these bounds a wide latitude is allowed." 2 Hyatt, Trial, p. 1151, § 1465.
"The failure of a party to call a witness who, under the circumstances of the case, would naturally be a witness in his behalf is a proper subject of comment by the opposing counsel. In other words, the comment of counsel on the absence of a legitimate witness for the opposing party is a proper argument. Thus a comment that if the witness had been called he would have given testimony adverse to the party is a proper comment. The comment of counsel on the failure to call an employee, drawing the inference that the testimony of such employee would be unfavorable to the party employer, is not error." 2 Hyatt, Trial, p. 1555, § 1469; 2 R.C.L. p. 412, § 11; Brophy v. Fairmont Creamery Co. 98 Neb. 307, 152 N.W. 557, L.R.A. 1918A, 367; Western A.R. Co. v. Morrison, 102 Ga. 319, 29 S.E. 104, 40 *Page 256 
L.R.A. 84, 66 Am. St. Rep. 173; Bullard v. Boston M.R. Co.64 N.H. 27, 5 A. 838, 10 Am. St. Rep. 367; Lambert v. Hamlin,73 N.H. 138, 59 A. 941, 6 Ann. Cas. 713; Grubbs v. North Carolina Home Ins. Co. 108 N.C. 472, 13 S.E. 236, 23 Am. St. Rep. 62; Kircher v. Milwaukee M. Mut. Ins. Co. 74 Wis. 470, 43 N.W. 487, 5 L.R.A. 779; Sherman v. Southern P.R. Co. 33 Nev. 385, 111 P. 416, 115 P. 909, Ann. Cas. 1914A, 287; Northern Trust Co. v. Bruegger, 35 N.D. 150, 159 N.W. 859, Ann. Cas. 1917E, 477; State v. Jangula, 55 N.D. 580, 214 N.W. 855; Beardsley v. Ewing,40 N.D. 373, 168 N.W. 791; Lee v. St. Anthony D. Elevator Co.33 N.D. 567, 157 N.W. 869.
The inferences drawn by the attorney for the defendant in the instant case were perfectly legitimate because they were based upon the plaintiff's testimony and there was no misconduct on the part of defendant's attorney or error on account thereof.
The judgment of the trial court is affirmed.
NUESSLE, Ch. J., and BIRDZELL, and BURR, JJ., concur.