[File No. 6339.]

SECURITY TRUST COMPANY OF FARGO, a Corporation, Appellant, v. NEW RAINBOW CAFE, a Corporation, James Manoles, as Trustee of the New Rainbow Cafe, a Defunct Corporation, Selma Manoles and Elizabeth Larson, Respondents.

(262 N. W. 186.)

Opinion filed August 13, 1935.

*Clair F. Brickner*, for appellant.

*Conmy, Young & Conmy,* for respondents.

NUESSLE, J. This is an action brought by the plaintiff, a corpora-tion, to recover on a promissory note against the defendants, New Rainbow Cafe, a defunct corporation, Thomas Manoles, trustee of such corporation, and Selma Manoles and Elizabeth Larson.

The complaint alleges that the defendant, New Rainbow Cafe, is a defunct domestic corporation now insolvent; that the defendant Manoles was president thereof and is now in possession of all of the assets of the corporation; that the several defendants made, executed, and delivered to the plaintiff their promissory note on which recovery is sought; that except for certain small payments the same is unpaid. The first two defendants, answering, deny generally the allegations of the complaint. The defendants, Selma Manoles and Elizabeth Larson, specifically deny the execution and delivery of the note sued upon and each alleges that if her name appears on such note such signature is a forgery and that no consideration was received therefor.

The case was tried to a jury. Evidence was offered in behalf of the plaintiff and of the several defendants. The note in suit was produced

in evidence. The defendants, Selma Manoles and Elizabeth Larson, after examining the same, admitted that their signatures thereon were genuine. They testified, however, that they signed the instrument without knowing that it was a note, upon the representation and under the belief that it was some sort of a release necessary to be signed in order to enable them to collect wages that were owing to them. Considerable testimony was offered along this line. No objection was at any time interposed to such testimony by the plaintiff. Plaintiff produced evidence to the effect that these defendants signed the note in order to enable the defendant corporation to procure money so that its business might continue.

The court in its instructions to the jury among other things, charged: "The defendants Selma Manoles and Elizabeth Larson have each of them introduced evidence tending to show that she did not knowingly sign, execute or deliver the note in evidence, exhibit 1, that her signature appears on said note, exhibit 1, that said signature on said note, exhibit 1, was secured by fraud, deceit and misrepresentation, and that she never received any consideration or thing of value whatever for said note." After other appropriate instructions, the court further charged: ". . . That if the defendant Selma Manoles, or the defendant Elizabeth Larson have convinced you by a fair preponderance of all the evidence in the case that they did not consciously, knowingly, and willingly sign the said note, exhibit 1; or if they or either of them have so convinced you that they or either of them did not receive any consideration for said note, then it will be your duty to find in favor of either or both of said defendants so convincing you."

At the close of the whole case the defendant James Manoles moved for a dismissal on the ground that there was no evidence to sustain the action as against him. The court granted this motion.

The jury returned a verdict for the several defendants. There was no motion for a new trial. Judgment was entered on the verdict and plaintiff perfected this appeal from such judgment.

The plaintiff assigns error on account of the insufficiency of the evidence to sustain the verdict; because of the dismissal of the action against James Manoles as trustee; and because of the receipt of evidence of fraud and deceit in procuring the signatures of the defendants

Selma Manoles and Elizabeth Larson on the instrument on which the suit was brought, and in submitting such issue to the jury it not having been raised by the answer.

An examination of the record discloses that there was no motion for directed verdict by the plaintiff. In no manner at any time prior to verdict and judgment or until this appeal was perfected did the plaintiff challenge the sufficiency of the evidence to sustain a verdict in favor of the defendants. Under these circumstances the evidence will not be reviewed to determine whether or not it is sufficient. The question of the sufficiency of the evidence to sustain a verdict cannot be raised on appeal in the absence of a motion for directed verdict or a motion for a new trial. Farmers Exch. State Bank v. Iverson, 51 N. D. 909, 201 N. W. 509, and cases cited therein.

While the action of the trial court dismissing the case as to James Manoles was assigned as error by the appellant, this point is not considered in the brief and no argument was advanced in support of it. We therefore deem the point has been abandoned.

The final assignment of error is that the court erred in receiving evidence tending to show fraud and deceit in procuring the signatures of the defendants Selma Manoles and Elizabeth Larson to the instrument on which suit was brought and in submitting this issue to the jury.

In such a case fraud is an affirmative defense. It should be pleaded if the pleader intends to rely upon it. See § 7448, Comp. Laws 1913; Hogen v. Klabo, 13 N. D. 319, 100 N. W. 847; Estes v. Ballard, 22 Cal. App. 344, 134 P. 361; 8 C. J. 966. In the instant case this was not done. However, evidence of fraud touching the procurement of the signatures of the defendants to the note was received without objection. The record clearly indicates that the defendants in question were relying upon the defense of fraud. The trial court tried the case on this theory and submitted the issue to the jury with appropriate instructions. No requests for instructions were submitted by the plaintiff and no exceptions were filed to the charge as given. Under these circumstances the plaintiff cannot now say that the defense of fraud was not pleaded and that therefore the evidence to make that defense was not properly received. Plaintiff should have brought the fact that the defense was not pleaded to the attention of the trial court and of

the defendants by appropriate objection to the introduction of testimony tending to sustain such defense. Towner County v. Rother, 56 N. D. 707, 219 N. W. 110. This was not done. Nor was any exception taken to the instructions of the court. It is now too late to raise the point. Harmon v. Haas, 61 N. D. 772, 241 N. W. 70, 80 A.L.R. 1131, 33 N. C. C. A. 52.

The judgment must be affirmed.

BURKE, Ch. J., and MORRIS, CHRISTIANSON and BURR, JJ., concur.