MATTEO GRECO, *a Minor, etc., Appellee,* v. THE WEST-
ERN STATES PORTLAND CEMENT COMPANY, *Appel-
lant.*

No. 16,871.

### SYLLABUS BY THE COURT.

1. PLEADINGS—*Estoppel—Negligence.* In an action founded
upon negligence the plaintiff must recover upon some act of
negligence alleged in the petition and submitted under proper
instructions to the jury.

2. VERDICT AND FINDINGS—*Consistency—New Trial.* In such an
action, where the court instructs the jury that they may con-
sider only certain acts of negligence claimed, and the jury
return a verdict in favor of the plaintiff and a special finding
that the negligence which was the proximate cause of the
injury was something not alleged in the petition nor included
within the claims of negligence to which the instructions
restricted the jury, the general verdict will not be permitted
to stand, and the judgment will be set aside and a new trial
ordered.

Appeal from Montgomery district court. Opinion
filed February 11, 1911. Reversed.

### STATEMENT.

THE plaintiff, a young man nineteen years of age,
while in the employ of the defendant received injuries
which he claimed were caused by the defendant's negli-
gence. He recovered a judgment of $3800, from which
the defendant appeals.

At the time the plaintiff was injured he was at work
in what is called the "dry room," and was sweeping
the floor. In the center of the floor there was a trough
three feet wide and eighteen inches deep, of concrete,
the same material of which the floor was constructed.
In this trough was a conveyor, consisting of a steel
screw, or worm, operated by a belt, and used for the
purpose of conveying the product from the stone drier
to another part of the mill. There was a wooden cover
to the conveyor, made in sections, so that they could

be lifted in order to clean out the conveyor or to see what condition it was in. They were made with cleats to fasten down and fit inside the box so as to form a solid cover practically on a level with the floor.

The petition alleged that the plaintiff was unfamiliar with the room, its fixtures, or the location of the cover or trapdoors; that while sweeping the dust and dirt from the floor he stepped upon one section of the cover, which had been carelessly permitted to "become worn, rotten and out of repair," by reason of which it gave way, causing his foot to go through and inside of the conveyor, where it was caught and crushed by the screw, making it necessary for the foot and ankle to be amputated.

The answer set up contributory negligence by the plaintiff; negligence of certain fellow servants, who it alleged had, carelessly and without regard to their instructions, removed a part of the covering from the conveyor, with the knowledge and consent of the plaintiff; and the further defense that the injury resulted from a risk which the plaintiff had assumed.

The court charged the jury that the allegations of negligence complained of in the petition were as follow:

"(1) That defendant had negligently permitted the covering of the conveyor at the place where he was injured to get out of repair by becoming worn and rotten.

"(2) That defendant had negligently failed to place a railing around such covering to protect plaintiff and others in defendant's employ from falling through and into the conveyor, and otherwise to guard against injury there by the use of safe appliances, guards or rails.

"(3) That defendant neglected its duty to plaintiff by negligently failing to inspect said covering, and keep it in repair, and free from possible defect."

The court then used this language:

"These, then, briefly stated, are the acts of negligence alleged against defendant, to which the plaintiff must be restricted in his effort to recover against the de-

fendant in this case; and to which you should confine yourselves in your investigation of the question as to whether or not the defendant was guilty of negligence toward the plaintiff.

"You are instructed that there has been no evidence at this trial showing that the covering over the conveyor at the place where the plaintiff was hurt was out of repair, or that it was worn or rotten; and therefore, on these allegations of negligence, you must find against the plaintiff."

At another place in the instructions the court, in defining the issues, had stated as one of the claims of the plaintiff:

"That said conveyor was about three feet wide and eighteen inches deep, and that it had a wooden covering thereon; that there was a trapdoor therein which was not fastened or screwed down; and that to keep it in place on the top of the conveyor wooden slats or extensions were constructed, which fitted into a groove or shoulder along the top side of the conveyor, so that when the trapdoor was in place the top thereof was completely covered, and there were no hooks or catches, either of wood or metal, to said door to keep it in place on the top of said conveyor."

This instruction substantially follows the language of the petition.

In the opening statement of the plaintiff counsel said that "while performing his duty and sweeping toward the dry mills he stepped on this trapdoor, which is a part of the covering of the conveyor; and the door, being rotten and decayed and worn out, and not properly constructed, fastened or screwed down to prevent it from slipping when he stepped on the door, the door gave way, and the plaintiff's right foot and a part of his leg went into the trough containing this steel worm, or screw."

Among the special findings are the following:

"(5) Ques. Was the defendant company guilty of any acts of negligence which was the proximate cause of the injury to the plaintiff? Ans. Yes.

"(6) Q. If you answer No. 5 'Yes,' or in the affirm-

ative, then state fully of what such negligent acts consisted.  A.  By covering not being in proper place.

"(7) Q.  Was a section of the covering removed from over the conveyor at the place where plaintiff received his injury at the time plaintiff was sweeping in the room?  A.  No."

The jury made a further finding that it was not customary for others engaged in the same kind of business to have a railing around the conveyor to guard their workmen from possible injury.

*W. E. Ziegler, J. H. Dana,* and *Charles Bucher,* for the appellant.

*John W. Muir, Carl J. Griswold, Thomas E. Wagstaff,* and *Edward H. Chandler,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: The main contention is that the negligence of which the jury found the defendant guilty is not alleged in the petition nor within the issues defined by the court in its instructions to the jury; and it is claimed that the court should have set aside the general verdict and rendered a judgment in favor of defendant on the findings, or at least should have granted a new trial.

There is force in the claim that the particular negligence found by the jury is not included in the three claims of negligence specified by the court in that portion of the instructions first quoted, *supra.*  The first claim of negligence the court properly took from the jury because there was no evidence showing that the cover was out of repair or that it was worn or rotten. By their findings the jury eliminated the second specification—that the defendant had negligently failed to place a railing around the conveyor; and it may be said that the evidence would not have warranted a finding that the defendant was negligent in this respect.  Nor is the negligence found by the jury in-

8—84 KAN.

cluded within the third specification—that the defendant failed to inspect the cover and keep it in repair and free from defects. The evidence showed that it was not out of repair, that the boards were sound, and if there had been an inspection for possible defects it would not have prevented the cover from being out of place.

The law is well settled that in actions of this kind the plaintiff must recover upon grounds of negligence alleged in his petition. (*Brown v. Railway Company*, 59 Kan. 70; *Newby v. Myers*, 44 Kan. 477; *Telle v. Rapid Transit Rly. Co.*, 50 Kan. 455; *S. K. Rly. Co. v. Griffith*, 54 Kan. 428.) The principal claim of plaintiff at the trial was that the cover was worn and rotten and gave way when he stepped upon it; and while the petition did allege the failure to provide hooks or catches to keep the cover in place, so little attention was paid to this claim on the trial that the court overlooked it in the brief summary of the negligence which the jury should consider, and counsel for the plaintiff did not regard its omission of sufficient importance to challenge the court's attention thereto. If the issue had been submitted and the jury had found that the cover slipped when the plaintiff stepped upon it, and that the negligence which was the proximate cause of the injury consisted in the failure to provide some appliance to keep the cover in place, the judgment ought to be affirmed. It is argued that the general finding in the plaintiff's favor and the special findings that the cover was not in place and had not been removed by some of the fellow servants of the plaintiff while he was at work should be so construed, but this requires a more liberal construction of the special findings than we feel warranted in making, in view of the pleadings and instructions. It requires us to lose sight of the particular claim of negligence which defendant was called upon to meet. It is not alleged in the petition that the cover was out of place or that it slipped from its place when the plaintiff stepped upon it.

Greco v. Cement Co.

We think the case was improperly tried, and the judgment is therefore reversed and a new trial ordered.

BENSON, J. (dissenting) : It is true that the petition contained allegations that the cover of the conveyor or trapdoor had become "worn, rotten, and out of repair," as stated in the foregoing opinion, but it also contained the following averments:

"That said trapdoor was constructed of wood or lumber about one inch thick and no hooks or catches, either of wood or metal, were attached to said door or conveyor to keep it in place in its position on the top of said conveyor; . . . that . . . said trapdoor, being rotten, decayed and in a defective condition and constructed as aforesaid, gave way under plaintiff's weight; . . . that said plaintiff was injured as aforesaid by the willful, wrongful, unlawful, careless and negligent manner in which defendant had constructed said trapdoor, and in its failure" [Here follows an averment of failure to provide safeguards].

These averments should be held sufficient after verdict, no motion having been made to make them more definite.

The answer contained a general denial, and allegations that the conveyor was covered with heavy board coverings, fitted with shoulders to prevent slipping; that the plaintiff himself negligently removed the cover and negligently stepped into the opening caused thereby; and that the plaintiff's fellow servants negligently removed the cover, and the plaintiff negligently stepped into the opening.

It therefore appears that the defendant met the issue of negligent and unsafe construction, not only by a general denial, but by specific averments of the manner of construction.

In his opening statement of the case the plaintiff's attorney expressly stated, as the opinion recites, that the door gave way because, among other reasons, it was "not properly constructed, fastened or screwed down to prevent it from slipping."

Evidence was received without objection showing that the door, which was even with the floor, and formed when closed a part thereof, was left in place without screws, hooks or fastenings, and that it could be removed merely by lifting it.

The plaintiff was injured while sweeping, without knowing that the door was there. He testified:

"I am sweeping, and when I turned around that way, I turn around to sweep on top, something turn around there at bottom of feet, machinery keep on work, I mash my foot all to pieces. . . . Why, step on that board, my foot go down in the hole. I am turned face down."

The jury by its general verdict found the issues for the plaintiff.

By the special finding that a section of the cover had not been removed before the plaintiff was hurt the jury found against the affirmative allegations of the answer that the plaintiff or his fellow servants had removed it. The finding that the covering was not in proper place (although not removed by the plaintiff or his fellows) leaves the inference that it was out of place because not properly constructed, secured and fastened. This finding is certainly not inconsistent with the general verdict, which finds all the material averments of the petition not inconsistent with the special findings and not withdrawn from consideration to be true.

The averments of the petition herein recited were not withdrawn from the consideration of the jury. In a brief summary of the acts of negligence charged the court inadvertently, no doubt, omitted direct reference to these material allegations, but the evidence had been admitted, the jury considered it, and based a verdict thereon. The court approved the verdict, thus disregarding the omission in the instruction. This omission was not an error of which the defendant can complain, and, since the jury and the court disregarded it, is of no importance now. (*Whitney v. Brown,* 75 Kan. 678; *Mercer v. Morrison,* 83 Kan. 489.) The necessary

Aaron v. Telephone Co.

averments were made in the petition, they were supported by competent evidence, and found true by the jury.

If any error was committed it did not affect the substantial rights of the defendant, and under the rule in force throughout the judicial history of the state should be disregarded and the judgment should be affirmed. (Civ. Code, 1859, § 148, Code 1909, § 141; *The Territory v. Reyburn,* 1 Kan. [Dassler's ed.] 551; *Hopkinson v. Conley,* 75 Kan. 65.)

I am authorized to say that Mr. Justice West concurs in this dissent.