## SUPREME COURT —APPELLATE DIVISION — SECOND DEPARTMENT.

### December 21, 1917.

## COMMISSIONER OF PUBLIC CHARITIES ex rel. ANNA GALLAGHER v. WILLIAM O'KEEFE.

(180 App. Div. 667.)

BASTARDY *— NEWLY DISCOVERED EVIDENCE — CHARACTER OF COMPLAINING WITNESS.·

An order of filiation in bastardy proceedings will be reversed and a new trial granted on the ground of newly-discovered evidence where the defendant shows that since the order he has discovered that the complaining witness demeaned herself lewdly with other persons at the time when she charged the defendant with the paternity of her child.

As a bastardy proceeding is *quasi* criminal the evidence of guilt should be entirely satisfactory.

APPEAL by the defendant, William O'Keefe, from an order of the Court of Special Sessions of the City of New York, borough of Brooklyn, Second Division, entered in the office of the clerk of said court on the 6th day of July, 1916, and also from an order of said court entered therein on the 17th day of August, 1916, denying defendant's motion for a new trial on the ground of newly-discovered evidence.

*Edward Cassin* (*John B. Johnston* with him on the brief), for the appellant.

· *Terence Farley* (*Lamar Hardy, Corporation Counsel,* and *Leon N. Futter* with him on the brief), for the respondent.

JENKS, P. J.:

This appeal is from an order of filiation and from an order

* See Note, Vol. 23, p. 33.

denying a new trial. A member of the court dissented from both orders.

The complaining witness testified that she never had sexual relations save with the defendant, and but once with him. Her detail of the surrounding circumstances of the act stamp it as a rape by force. These circumstances are extraordinary when considered with time and place. There is an absence of proof of subsequent conduct of the woman that is shown often in trials for such crime, to indicate force. The defendant did not deny intercourse, which he asserts was voluntary and repeated. He did deny any acts at a period that would naturally point to his paternity of the child.

The new evidence is that during the period referred to by the complaining witness, she demeaned herself lewdly with others than the defendant. In Drummond v. Dolan (155 App. Div. 450) we said: "Although the sole issue was the paternity of the defendant, and the question was not whether all that was said about it was true (Burns v. Donoghue, 185 Mass. 71), nevertheless, in the face of the practical impossibility of direct contradiction of the complainant upon the issue, we must consider the more carefully her credibility as revealed by her own testimony and by contradictions thereof." And we also, with citations of authorities, said that " As the proceeding is *quasi* criminal, * * * the evidence of guilt should be entirely satisfactory."

I advise that the order of filation of the Court of Special Sessions and the order denying a motion for a new trial be reversed, and that a new trial be ordered.

STAPLETON, MILLS, RICH and PUTNAM, JJ., concurred.

Order of filation of the Court of Special Sessions and order denying motion for a new trial reversed, and a new trial ordered.