## FRANKS v. REEDER.

No. 14798—Opinion Filed Jan. 29, 1924.

(Syllabus.)

1. **Pleading—"Variance."**

A "variance" is a disagreement between the allegations and the proof in some matter which, in point of law, is essential to the charge or claim, and is available when the evidence does not sustain the pleadings upon which a recovery is sought or a defense rested.

2. **Same—Immaterial Variance.**

Mere incidental proof of another right, which a party neither seeks to enforce nor upon which he obtains relief, does not constitute a material and prejudicial variance, where the proof supports the cause of action or defense pleaded and upon which recovery is had and where the evidence at variance does not otherwise prejudice the court or jury.

3. **Same—Alternative Rights Under Contract—Election by Plaintiff.**

Plaintiff, by express contract with the defendant, had the unconditional right to recover from the defendant, at plaintiff's own election, either a fixed sum of money, or, in lieu thereof, an undivided interest in certain business profits. He pleaded only the part of the contract entitling him to recover the fixed sum of money. His evidence, affording proof of the entire contract, showing these two alternative rights, was practically inseparable and was received by the court, and same was submitted to the jury under proper instructions; he neither sought nor obtained judgment for any interest in the profits. Held, the evidence was properly received, and does not constitute a prejudicial variance between the pleading and proof.

**4. Frauds, Statute of—Executed Oral Contract.**

Where there is an oral contract for services which have been fully performed and part payment for such services has been made, and nothing left to be done with the exception of the payment of the remainder of the money due, it is not within the statute of frauds.

Error from District Court, Kingfisher County; J. C. Robberts, Judge.

Action by Dewey F. Reeder against Joseph Franks. Judgment for plaintiff, and defendant brings error. Affirmed.

Boynton & Reilly, for plaintiff in error.

Lee M. Gray and Horton & Horton, for defendant in error.

LYDICK, J. In this case Dewey F. Reeder, as plaintiff, filed his petition in the district court of Kingfisher county against Joseph Franks, as defendant, for the recovery of monies due the plaintiff by defendant for services rendered by plaintiff as a farm hand upon defendant's farm. In his second cause of action, he says:

"The plaintiff alleges that on the 1st day of August, 1920, he commenced work for defendant at the latter's request, as a farm hand, and continued in his employment for a period of twelve months, for which the defendant orally promised to pay him the sum of $900, together with his board and room."

The defendant answered by general denial, coupled with the alternative plea of payment. The case was tried to the court and jury, and upon the verdict of the jury, judgment was rendered in favor of plaintiff. Defendant brings the case here upon appeal. We will refer to the parties according to the position they occupied in the lower court.

The attorney for the plaintiff in his opening statement to the jury, said, and the plaintiff as his only witness on his own behalf testified, that his agreement with the defendant was substantially this, to wit: That plaintiff would work for defendant in the operation of the defendant's farm for one year from August 1, 1920, and as consideration therefor, the defendant would give the plaintiff one-third of all net profits arising from the conduct of that business during the designated period, which compensation, in any event, the defendant guaranteed to be as much as $900. In no event was the plaintiff to share in any losses. Plaintiff's right to claim such fixed sum, rather than an interest in the profits, as his compensation was dependent upon no condition precedent, except the performance of services. The contractual relationship of the parties was frequently, but only incidentally, referred to by the parties in their negotiations as a partnership. The defendant at every point permissible challenged this evidence as constituting a departure from the cause of action pleaded, a variance between the allegations in the petition and the proof adduced. His contentions being overruled by the court and exceptions duly saved, the defendant here urges the action of the court in that regard to be error.

Although incidentally designated as a partnership and the minimum payment denominated a guaranty, the agreement in legal effect is simply one by which the defendant hired plaintiff as his farm hand, a servant, and agreed that he would pay him for his services either one-third of the net profits or the sum of $900, as the plaintiff might at the end of the contractual period elect to take. The contract does not contain the essential elements of a partnership. The expression made by the use of the word "guaranty" does not change the substance of the agreement from that of a simple promise to pay, as we have declared. The rules of law supporting such interpretation of the contract are too elementary to require citation of authorities.

The statements of the parties, both oral and written, in the consummation of this agreement, in so far as they related to the provisions for payment to the plaintiff of a part of the net profits, were so interwoven with the statements concerning the alternative by which the plaintiff might claim payment of a fixed sum of money, that it would have been quite impossible to properly present the evidence of either one without the other. The statement as to payment of profits, on the one hand, constituted a part of the one single and complete contract providing in the alternative for the payment of a fixed sum. These statements constituted a background and proper explanation of those circumstances which shed light on the credibility of the plaintiff's plea and of his testimony. The plaintiff in his petition had elected to seek the enforcement of only the alternative right to receive a fixed sum of money. The evidence showing that he was entitled, if he had seen fit to avail himself of that right, to hold the defendant accountable for profits, which, by his claim for a fixed sum alone, he had waived, did not in any manner contradict or disagree with the allegations in the petition that the defendant had promised to pay him a fixed sum for his services. On the contrary, the evidence under consideration affirmatively supported the allegations of the petition. Had the evidence shown the plaintiff's alternative right to

claim a fixed sum to have been dependent upon some condition precedent, other than the performance of services as he had pleaded in his petition, and further shown the performance of such condition by the plaintiff, or had such evidence shown a waiver by the defendant of such other conditions precedent, the objections might have been well founded. In such instances, the plaintiff would have attempted to prove and rely upon a theory or cause of action not pleaded in his petition. The record in this case shows that neither by his testimony, the instructions of the court, nor otherwise, did the plaintiff seek or obtain any relief based upon the evidence of his alternative right to share in the profits.

There is a well-defined, although often disregarded, distinction between variance and failure of proof. The one is frequently used to include the other. In this case the evidence supports the cause of action pleaded, and therefore there is no failure of proof. The fact is immaterial that it also establishes another right, which the plaintiff did not plead and upon which he did not see or obtain relief. Incidental proof of another cause of action, upon which plaintiff neither seeks nor obtains relief, is not necessarily such a material variance as will invalidate the judgment rendered, provided the proof does support the cause of action pleaded and upon which recovery is had and the evidence at variance does not otherwise prejudice the court or judge. Under the circumstances of this case, such evidence is nothing more than proof of a harmless addition to the cause of action the plaintiff sought to enforce— merely proof of a right he had effectively waived. The following authorities support the rules of law we have announced:

"A 'variance' is a disagreement between the allegations and the proof in some matter which, in point of law, is essential to the charge or claim. * * *" Prestwood v. McGowin, 148 Ala. 475, 41 South. 779, 780 (quoting and adopting the definition in 1 Greenl. Evid. [15th Ed.] sec. 51).

"A 'variance' exists when the evidence does not sustain the pleadings on which a recovery is sought or a defense rested." Illinois Cent. R. Co. v. Curry, 127 Ky. 643, 106 S. W. 294, 296.

"A 'variance' to be available to the defendant, should consist of a failure of plaintiff's proof in its entire scope between the issues made by the pleadings and the evidence offered in their support; and it cannot consist of mere discrepancies nor defects in an imperfect statement of a cause of action." Bigham v. Tinsley, 149 Mo. App. 467, 130 S. W. 506, 510.

It is provided in section 312, Comp. Stats. 1921, as follows:

"No variance between the allegations, in a pleading, and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

It does not appear that defendant has been misled to his prejudice by the alleged variance, if any there be. The plaintiff proved just what in his petition he undertook to prove. He proved more, but relied on nothing more. Under this statute defendant has no just complaint. See Guinan v. Readdy, 79 Okla. 111, 191 Pac. 602.

The defendant urges the court to hold that the contract on which the judgment was rendered was invalid under the statute of frauds. The parties made this oral agreement to the effect that, beginning at a later date, the plaintiff would perform personal services for the defendant for the period of one year thereafter for the compensation named. Plaintiff performed the work and fully executed the contract on his part. The defendant accepted the services and made partial payments from time to time to the plaintiff. This statute was enacted to prevent, not to perpetrate, fraud. We quote with approval from the opinion of the Supreme Court of Iowa, in Murphy v. De Haan, 116 Iowa, 61, 62, 89 N. W. 100, where the court said:

"It is contended that, while the petition states a valid cause of action, plaintiff proved a contract within the statute of frauds, in that, according to his evidence, he was not to commence work on the day the contract was entered into, but at some future time, and that the contract was made some three or four days before he actually began the service. Defendant moved to strike out this evidence, because within the statute, but the motion was overruled. He also challenges the instructions of the court, for the reason that they ignore the statute of frauds. Remembering that this is an action for work and labor performed at an agreed price per month, it is difficult to see how the statute of frauds affects this case. Contracts within the statute are not void, and, if performed or partly performed, they are, to the extent of such performance, taken out of the statute. When executed, or so far as executed, such contracts are valid, and as binding as if they had been in writing.

This statute was not enacted for the purpose of aiding one in the perpetration of a fraud, but to secure him from the consequences thereof. It was intended as a shield, and not as a sword. According to the evidence, defendant had the benefit of plaintiff's services, and. he cannot be heard to say that they were performed under a contract which would have been invalid had it remained executory in character."

Also see Diamond v. Jacquith (Ariz.) 125 Pac. 712; MacDonald v. Crosby, 192 Ill. 283, 61 N. E. 505, 507; Lowman v. Sheets, 124 Ind. 416, 422, 24 N. E. 351, 353, 7 L. R. A. 784; Marks v. Davis, 72 Mo. App. 557, 563; Wehner v. Bauer (C. C.) 160 Fed. 240, 244; Seymour v. Oelrichs, 156 Cal. 782, 794, 106 Pac. 88-94, 134 Am. St. Rep. 154.

Finding no material error in the proceedings of the lower court, the judgment is affirmed.

JOHNSON, C. J., and KENNAMER, COCHRAN, and HARRISON, JJ., concur.