## TOOMBS v. CUMMINGS et al.

No. 20407. Opinion Filed Sept. 15, 1931.

H. F. Fulling, for plaintiff in error.

O. H. Scarcy and George W. Reed, Jr., for defendants in error.

RILEY, J. Bertha Toombs, as plaintiff below, sued William G. Cummings and his wife to recover for personal injuries sustained as a result of being burned while in the employ of defendants as a domestic. Miss Toombs was furnished by her employers living quarters, consisting of one room in size 8 x 12 feet with a door and three windows. Heat to the servant quarters was supplied by a gas stove or Radiant heater. On November 12, 1927, plaintiff retired about 9 p. m.; she arose next morning at 6:30, lit the fire in the Radiant heater and returned to bed. After some time she aroused herself, sought to turn off the stove, was overcome, fell across the stove and was severely

burned resulting in the loss of thumb and parts of fingers of the right hand. All doors and windows of the room were closed during the night. The plaintiff was rescued after the injury, the quarters opened, and when the fresh air was allowed to enter, she regained consciousness.

The plaintiff alleged that defendants furnished the stove used; that it was dilapidated and leaked gas; that she had called the defective condition of the stove to the attention of defendants, but that they had failed to rectify the same.

The only proof tending to show a defective condition of the stove was that one of the clay radiants was missing. The plaintiff sought to establish by the testimony of Claude Anderson, a stove dealer, that the missing clay radiant would cause monoxide poison to escape to deleteriously affect human beings, but the evidence of this witness was rejected on account of lack of qualifications as an expert upon the subject-matter.

A demurrer was sustained to the evidence of plaintiff.

There was no reversible error in the rejection of the testimony of Anderson. There was no evidence to show that the missing clay radiant caused or accentuated monoxide or other poisonous gases. There was no causal connection in the proof between the missing radiant and the injuries sustained. It is probable that the normal oxygen content of the closed room was depleted by the open gas heater. It is probable that the lack of oxygen affected both the combustion of fuel in the stove and the breathing of plaintiff.

We fail to find evidence of primary negligence to support plaintiff's cause. On the contrary, it appears that conditions independent of defendant's acts were the proximate cause of plaintiff's injuries.

Plaintiff contends for error in that she was not permitted to nonsuit after the trial court announced its ruling on the demurrer.

"An action cannot be dismissed after final submission of the case to the court or jury, and after judgment has been rendered, except by consent of all parties interested." Sizemore v. Dill, 93 Okla. 176, 220 Pac. 352.

There is no error warranting the reversal. The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1) 22 R. C. L. 119, 120; R. C. L. Perm. Supp. p. 5179; R. C. L. Pocket Part, title "Proximate Cause," § 8.