## OKLAHOMA RAILWAY CO.
### v. IVERY.

No. 33342.   April 5, 1949.

*204 P. 2d 978.*

Richardson, Shartel, Cochran & Pruet and F. M. Dudley, all of Oklahoma City, for plaintiff in error.

Schwoerke & Schwoerke, of Oklahoma City, for defendant in error.

HALLEY, J. Plaintiff, Ida Ivery, alleged that her injuries occurred as a result of a collision between a bus owned by Oklahoma Railway Company and driven by the defendant Riggs, and an automobile owned and driven by the defendant Sharp. That she was a passenger for hire on the bus driven by the defendant Riggs, an employee of the Oklahoma Railway Company, when a collision occurred on October 10, 1946, as the bus was being driven in a westerly direction along Northwest 17th street in Oklahoma City, Okla., and collided with a car driven by· the defendant Sharp at the intersection of Northwest 17th street and Gatewood avenue, which runs north and south, the Sharp car approaching the intersection from the north.

The negligence of the Oklahoma Railway Company and its driver, Riggs, was alleged to consist in driving at an excessive rate of speed, in failing to yield the right of way, and also in failing to keep the proper lookout.

Plaintiff alleged that she suffered serious and permanent injuries to her lower spine and coccyx bone and to the bony structure of her back, resulting in severe mental and physical pain and suffering and rendering her unable to perform her customary work.

The defendants Oklahoma Railway Company and Joseph G. Riggs answered by general denial, and alleged that the injuries complained of were the result of negligence on the part of the defendant H. J. Sharp, and also pleaded contributory negligence and unavoidable accident. The defendant Sharp answered by general denial and alleged that any injuries suffered by the plaintiff were the result of the negligence of the Oklahoma Railway Company and its employee, Riggs.

No evidence was introduced to prove contributory negligence or unavoidable accident.

The case was tried to a jury and resulted in a verdict and judgment for the plaintiff against the three defendants.

The Oklahoma Railway Company has perfected an appeal, and its various assignments of error are grouped under a single proposition that there was no evidence of negligence on its part, and that the court should have sustained its demurrer to the evidence, or its motion for a directed verdict, and that the verdict and judgment are contrary to law and the evidence.

There can be no question of the correctness of plaintiff in error's contention that negligence is never presumed, and that the burden of proving negligence is upon the party alleging it, and that the negligence proven must be shown to have been the proximate cause of the injury complained of, before damages may be recovered. Chicago, R. I. & P. Ry. Co. v. Smith, Adm'x, 160 Okla. 287, 16 P. 2d 226.

It is contended by the Oklahoma Railway Company that there is no evidence reasonably supporting the verdict and judgment against it, except the testimony of the defendant H. J. Sharp, and that his testimony is completely belied and contradicted by the undisputed physical facts in evidence. That the judgment should not be permitted to stand because it is not supported by evidence reasonably tending to support it, and the court should have sustained its demurrer to the evidence, or its motion for a directed verdict.

The physical facts relied upon consist of photographs introduced in evidence showing the condition of the bus and car immediately after the accident, and their correctness is not questioned. No Oklahoma case directly in point is cited, but a number of decisions from other states are cited, and they appear to support this contention. They hold that where undisputed physical facts are in direct conflict with the testimony of witnesses, neither the court nor the jury is bound by the testimony thus shown to be impossible or untrue.

In American Car & Foundry Co. v. Kindermann (C.C.A. 8) 216 Fed. 499, the court said:

"The rule is well settled that when the testimony of a witness is positively contradicted by the physical facts, neither the court nor the jury can be permitted to credit it. This was expressly decided by this court in M., K. & T. Ry. Co. v. Collier, 157 Fed. 347, 88 C.C.A. 133. A petition for certiorari in that case was denied by the Supreme Court. 209 U.S. 545, 28 Sup. Ct. 571, 52 L.Ed. 920."

In Samulski v. Menasha Paper Co., 147 Wis. 285, 133 N. W. 142, the court expressed this rule in the fourth syllabus as follows:

"A physical fact, existent as matter of common knowledge or established by evidence beyond room for fair controversy, cannot be overcome by human testimony, opinion or theorizing."

In Schrager v. Foster, 168 N.Y.S. 240, the court said:

"A verdict based on finding directly contrary to physical facts established by uncontradicted evidence cannot stand."

In Hubbard Banking Co. v. Koetsch, 105 Okla. 227, 231 P. 207, this court said in the syllabus:

"While the jury are the sole judges of the credibility of the witnesses, yet they will not be allowed capriciously to disregard the positive, uncontradicted, and unimpeached testimony of witnesses; unless the physical facts or circumstances surrounding the transaction contradict the positive testimony or the positive testimony is inherently improbable."

In Lowden et al. v. Van Meter, 181 Okla. 210, 73 P. 2d 424, it was said:

"Conjecture and speculation will not be allowed to form the basis for a judgment in such an action, and the railway company is not to be held liable for injuries alleged to have been the result of negligence of its employees when there is no positive evidence of negligence or of facts and circumstances from which such negligence can be reasonably inferred."

The physical facts here, as shown by photographs of the bus and car shortly after the collision, are that the front end of the car was badly crushed, showing beyond doubt a tremendous impact with some object in front of it. The defendant Sharp, the driver of the car, testified concerning the collision:

". . . The right hind wheel of the bus caught my left front fender. Q. Did the front end of the bus miss your car? A. Yes."

A picture of the bus shows that the car struck the bus just in front of the right rear wheels of the bus, caving in the body of the bus to a considerable extent. The defendant Sharp testified further that he entered the intersection only about four feet, applied his brakes and stopped his car, and the bus swerved to the left to miss him, and that his car was standing still when the right rear wheel of the bus struck his left front fender. He first testified that he estimated its speed at 40 or 45 miles per hour. The picture of the car shows that the car was moving when it came in contact with the bus because the right front fender of the car is standing some distance to the right, or west; and the rear right fender of the bus is not smashed, and the right end of the rear bumper appears to have been pulled slightly back from the body of the bus.

The streets forming the intersection where the collision occurred are about 24 or 25 feet wide. The evidence shows that the front end of the bus was about even with the west side of the intersection at the time of the accident. The rear end of the bus was struck with such force that it was whirled to the south and finally turned over on its left side some 50 feet to the west. It is difficult to believe that if a light car had been standing still, and the first contact between it and a much heavier bus was the right rear wheel of the bus on the left front fender of the car,

the car would have maintained approximately its position in the street, and the rear of the bus would have been thrown to the left with such speed and force as to carry it 50 feet and turn it completely around. The physical facts show that Mr. Sharp was in error with regard to his car standing still at the time of contact with the bus, and as to how the collision occurred.

It is contended by the Oklahoma Railway Company that the testimony of the defendant Sharp is the only evidence introduced from which the jury could find that there was a failure on the part of the bus driver to exercise reasonable care immediately before and at the time of the accident. We are unable to agree with this contention. The witness Bob Osborne, who was the only person present who saw the collision, except those on the bus and the defendant Sharp, testified that he had estimated the speed of both vehicles at 35 miles per hour in a statement given shortly after the accident. A reasonable inference might be drawn from this testimony that the bus driver was negligent in driving at that speed, when the ordinances introduced set the maximum lawful speed at this point at 25 miles per hour. Again, the physical fact that the bus skidded 50 feet after the impact and turned completely around, might be the basis for a finding that there was excessive and unlawful speed just prior to the impact. The action of the bus after the collision is undisputed. The defendant Sharp testified that his car skidded or turned some after the bus struck it.

Perhaps no other rules of law are more firmly established in this state than that the jury is the trier of the facts; that the court will not disturb a judgment based upon the verdict of a jury where there is any competent evidence reasonably tending to support it; that where there is a conflict in the evidence as to the proximate cause of an injury, or where the evidence on that point is such that reasonable men might differ as to its effect, the verdict of the jury on such issue is final and conclusive as to the facts found. Only where there is no evidence reasonably tending to establish a material issue submitted to the jury will the verdict be set aside, if there are no errors of law occurring at the trial. Metropolitan Life Insurance Co. v. Golden, 180 Okla. 164, 68 P. 2d 516; Oklahoma Natural Gas Co. et al. v. Courtney, 182 Okla. 582, 79 P. 2d 235.

We are unable to agree with the contention that the testimony of the defendant Sharp is the only evidence in the record upon which the jury could possibly base a finding that the Oklahoma Railway Company and its driver were guilty of negligence. There is other evidence upon which the jury could have based such a finding, as pointed out above.

It should be noted that the defendant Oklahoma Railway Company was bound to exercise the highest degree of care to avoid injuring its passenger for hire, and that, as pointed out in the case of Northrup v. Eakes, 72 Okla. 66, 178 P. 266, where separate or independent acts of negligence of several combine to produce directly a single injury, although concert is lacking, each is responsible for the entire result, even though his act or neglect alone might not have caused it, and that it is not necessary that they be acting together and in concert, if their concurring negligence occasions an injury. All American Bus Lines v. Saxon, 197 Okla. 395, 172 P. 2d 424.

We conclude that there was competent evidence from which the jury might reasonably conclude that all of the defendants were guilty of negligence, and that such negligence was the proximate cause of the injuries of the plaintiff.

The judgment is affirmed.