W. L. HULETT LBR. CO. v. BARTLETT-COLLINS CO.

No. 34625. Feb. 26, 1952.

*241 P. 2d 378.*

Arthur G. Croninger, Miami, for plaintiff in error.

A. C. Wallace, John R. Wallace, and Ben T. Owens, Miami, for defendant in error.

PER CURIAM. Plaintiff alleged in its amended petition that its damages occurred as a result of a collision between a tudor Chevrolet automobile being driven by the defendant Mrs. Lue Dema Shewmake, and a 1937 model International truck owned by the defendant W. L. Hulett Lumber Company; that the collision was caused by the combination of negligent acts on the part of the defendants; that the Hulett Company was negligent in this, that the driver of its truck failed to keep a proper lookout, was driving his truck without maintaining control thereof, and violated Rule of the Road No. 1, 69 O. S. 1941 §583, in permitting his truck, after the collision, to cross from the right hand or west side across the center of the highway into the lane of oncoming traffic and strike the trailer and tractor of the Viking Freight Company with great force and violence, said trailer and tractor containing a consignment of glassware owned by the plaintiff; that Mrs. Shewmake was neg-ligent, in that she drove her car at an excessive rate of speed, attempted to pass the Hulett truck while said truck was in a section of the highway plainly marked "No passing Zone," pulled over to the right before clearing said truck, thus striking said truck and contributing to the fact that the operator of said truck lost control of said truck, thereby permitting it to strike the trailer and tractor of the Viking Freight Company; that the joint negligence and combination of said negligent acts on the part of the said Hulett Company and Mrs. Shewmake was the proximate cause of the damage to plaintiff's goods; that plaintiff's damage was $1,527.

The defendant W. L. Hulett Lumber Company answered by general denial, admitted the collision, and averred specifically that the proximate cause of said collision was the negligence of the defendant Lue Dema Shewmake as set forth in plaintiff's amended petition, and not the negligence of the Hulett Company, or its said employee.

The defendant Shewmake filed an answer, consisting of a general denial, an admission of the collision, and specific allegations that the Hulett Company and the Viking Freight Company were entirely at fault; that when she attempted to pass the Hulett truck she honked her horn, that the Hulett truck failed to yield a part of the right of way, but suddenly, and without warning, veered to the left and struck her automobile; that any damages caused to anybody were proximately caused by the negligence of the Hulett Company in driving its truck at a reckless and excessive rate of speed, in driving across the highway, in driving its truck against the Shewmake car, and in failing to yield half the road when the signal to pass was given.

The Hulett Company replied to the Shewmake amended answer by general denial, also by pleading former adjudication, but no evidence was introduced on that issue.

The case was tried to a jury and resulted in a verdict and judgment for the plaintiff against both defendants.

The W. L. Hulett Lumber Company has grouped various assignments of error under seven propositions.

It is first urged by plaintiff in error that there was a fatal variance between plaintiff's petition and its proof; that the plaintiff could recover only on some act of negligence alleged in its petition. That a plaintiff is required to frame his petition in accord with some definite, certain theory and confine his evidence to the issues thus presented is well settled in actions at law. Gustin v. Carshall, 156 Okla. 173, 10 P. 2d 250; Chambers v. Van Wagner, 32 Okla. 774, 123 P. 1117; Greco v. Western States Portland Cement Co., 84 Kan. 110, 113 P. 410. Plaintiff concedes this to be the law, but says it is not applicable here, pointing out that plaintiff in error did not object to any of the evidence on the ground that it was not in conformity to the pleadings. We agree with plaintiff's contention. In Rosser-Moon Furniture Co. v. Harris, 191 Okla. 607, 131 P. 2d 1004, this court held:

"Evidence, inadmissible because not within the issues presented by the pleadings, which is admitted without objection, is to be considered and given the same force and effect as if it were legally admissible."

Nor do we perceive that the evidence complained of was incompetent. Plaintiff in error's complaint is that since the plaintiff brought its suit on the theory that defendant Shewmake started the chain of events resulting in plaintiff's damage by striking the Hulett truck, and the defendant Shewmake testified that the chain of events was started by the Hulett truck striking the Shewmake truck, the plaintiff recovered on a theory at variance with its petition. In the first place, the evidence to support defendant Shewmake's position was introduced by her, and not by the plaintiff. And secondly, the evidence was clearly within the issues framed between the defendants themselves on the question of proximate cause. Mrs. Shewmake specially pleaded that the Hulett truck turned left and hit her car. The Hulett Company specifically denied this and pleaded further that the negligent act of Mrs. Shewmake in driving into its truck was the proximate cause of plaintiff's damage. The disputed issue as to who started the chain of negligent acts was but one of the facts from which the jury might determine the issues squarely raised between the plaintiff and the defendants.

Plaintiff in error's second proposition is that there was no evidence showing negligence on the part of the driver of its truck. Plaintiff in error having introduced evidence after its demurrer to plaintiff's evidence was overruled, the court will consider all the evidence introduced at the trial in passing on the sufficiency of the evidence. Atchison, T. & S. F. Ry. Co. v. Perryman, 200 Okla. 266, 192 P. 2d 670; Bower-Venus Grain Co. v. Smith, 84 Okla. 105, 204 P. 265. Plaintiff's evidence showed that the Viking Freight Company's truck was traveling northeast along highway 66, between Quapaw, Oklahoma, and Baxter Springs, Kansas, and had just turned a curve when the driver saw the Hulett truck coming toward him. There was a car immediately ahead of the Viking truck and a car close behind the Hulett truck, which proved to be the Shewmake car. The Shewmake car turned out to pass the Hulett truck, but cut in too soon to clear the truck, with the result that a dent was made in the right rear fender of the car three or four inches deep and "twice as big as two hands;" that the Shewmake car went on straight down the road; that the Hulett truck traveled straight ahead 40 or 50 feet from the point of impact, then went off the pavement into a bar ditch and traveled along the ditch or dirt shoulder of the highway about 100 feet, then came up from the ditch, traveled about 30 or 40 feet, crossed the pavement and struck the Viking truck, knocking

off and puncturing the gasoline tank of the Viking truck, setting it on fire and damaging its cargo, which damage was stipulated by the parties to be $1,527.

Separate demurrers of the defendants to the plaintiff's evidence were overruled.

Plaintiff in error's evidence showed that at the time of the collision its truck was being driven by Noah Piercefield, with one Charles Ferris, a helper, riding in the seat with him. Piercefield testified that he was driving on the righthand side of the highway, "my side," at a speed not to exceed 35 miles per hour; that he never heard any signal or sound or anything to tell that anybody was trying to pass him; that the first he knew or saw of the Shewmake car was when the front end of the car was up beside him; that Mrs. Shewmake didn't have time "to make it, time to get around me and get out of the way and pulled in front of me and struck the front end of my truck;" that when the Hulett truck was struck "something went wrong with the front end of it"; that it must have been the steering wheel or the steering gears; that the brake lines were bursted; that he knew they were bursted because "I didn't have any brakes, before she hit me I did have before she struck me;" that the truck had been recently repaired, and hadn't been out of the shop more than a week; that the left front tire of his truck was blown out; that when the Shewmake car struck his truck he went off on the shoulder and skidded down the shoulder "and then it cut right back to the left sharp"; that his helper grabbed the steering wheel and helped try to get the truck back on the right side of the road; that he didn't put the brakes on; that the brakes were out and the wheels were cramped.

On cross-examination plaintiff in error's driver testified that he had a rear view mirror in good shape but didn't have any occasion to look in it; that there wasn't any sound behind to cause him to look; that his truck was not making "too much racket"; that he didn't have time to do anything when he saw the Shewmake car opposite him; that he didn't throw on his brakes; that he was on his side of the road and didn't turn to the right; that he wasn't under "any obligations to pull over because I was over at least a foot and a half or two feet to the right of the center of the line"; that he couldn't say whether he could have avoided the other car by pulling over slightly; that the motor of the Hulett truck was broken "clear into" by the impact with the Viking truck, and the whole front damaged almost up to the cab; that the frame was all bent up, the wheels torn up, and the front axle.

The helper in plaintiff in error's truck testified that he didn't hear any warning from the Shewmake car; that the car "nicked" the front of the truck, and the truck went over to the right of the road on the shoulder of the road; that when the car cut in front of the truck it "just liked a little of clearing" it; that there was just a nick of some sort; that the truck traveled probably 80 or 90 feet before it hit the Viking truck.

The defendant Shewmake testified that the Hulett truck was going 30 to 35 miles an hour; that she had tried two or three times to pass the truck; that on each occasion she honked her horn; that three or four cars had passed the Hulett truck ahead of her; that when she came out to pass, the truck crossed the line and caught her back fender; that she had honked several times; that she felt the truck hit her; that she drove on down the road between a half and a quarter of a mile after the impact, and looked back through the rear view mirror and saw both trucks on fire; that she turned around and went back; that the road was perfectly clear when she attempted to pass the truck.

At the close of all the evidence the plaintiff in error renewed its demurrer

to the evidence and moved the court for an instructed verdict in its favor. The demurrer and motion were both overruled.

The undisputed physical facts in the case show that when the International truck and the Chevrolet tudor collided only a dent three or four inches deep and approximately a foot long was made in the Chevrolet; that the truck went off into a bar-ditch, traveled about 100 feet, came up from the bar-ditch, traveled 30 or 40 feet, crossed the pavement, and struck the Viking truck with such force as to puncture and knock off its gasoline tank, break in two the motor of the Hulett truck and damage its whole front "almost to the cab."

The negligent acts charged by plaintiff against the Hulett Company are failure to keep a proper lookout, driving its truck without maintaining control thereof, and violating the Rule of the Road by permitting its truck to cross the road and collide with the Viking truck. Whether the collision between the Hulett truck and the Shewmake car was sufficient, from the physical facts shown, to cause the damage alleged to have been done to the Hulett truck, and whether the lack of control of the truck was due solely to the collision with the Shewmake car, were facts on which reasonable minds might differ. Not alone the human testimony, but the physical facts as well, were properly considered by the jury in arriving at its verdict. Oklahoma Ry. Co. v. Ivery, 201 Okla. 245, 204 P. 2d 978. And certainly the testimony of the defendant Shewmake as to the cause of the collision should be considered along with the other evidence and given such weight as the jury might think it deserved.

Plaintiff in error contends as a third and fourth proposition that the defendant Shewmake in attempting to pass its truck violated certain rules of the road, and further contends that the driver of its truck was under no duty to look back to discover the approach of the oncoming Shewmake car. These contentions merely go to the question of negligence, if any, and were fully and fairly covered by the court's instructions, as follows:

"The proximate cause of an injury, as the term is used in these instructions, in its legal significance, is a cause which in its natural and continuous sequence, unbroken by any new cause, produces an event, and without which the event would not have occurred; but in order to warrant a finding that the negligence is the proximate cause of an injury it must appear from the evidence that the injury was the natural and probable consequence of the negligence, and ought to have been foreseen as likely to occur by a person of ordinary prudence, in the light of the attending circumstances and conditions."

"It is the duty of all persons driving motor vehicles along the public highway to use ordinary care at all times, having due regard to the traffic, speed surface of the highway and width of the highway, whether conditions, light, and all the surrounding conditions, and what is or is not actionable negligence is to be determined from the conditions at the time of the accident."

"Notwithstanding the plaintiff has alleged in its petition joint negligence on the part of both the defendants, if the plaintiff fails to prove such joint negligence on the part of both of the defendants, yet shows negligence on the part of one of the defendants which negligence resulted in injury to the plaintiff as the sole and proximate cause thereof, then your verdict should be against the defendant which the proof shows was guilty of negligence."

"Under the law of the State of Oklahoma, all motor vehicles before passing other vehicles from the rear shall give notice of approach by horn or other signal before passing; provided, that said vehicle shall be required when signaled to turn to one side and give half of the road. The violation of the above rule of the road is negligence as a matter of law."

"A person in a sudden emergency may act in good faith, according to his best judgment, and one is not chargeable with negligence because of error

in judgment in his immediate actions after the sudden emergency developed, unless the emergency itself has been brought about by some negligent act or acts on the part of that person, and if that person by his own negligence brought about the emergency this rule does not apply."

Plaintiff in error does not complain of any of these instructions, but does urge, as its sixth proposition, that the court should have given plaintiff in error's requested instruction on proximate cause. The instruction given by the court on proximate cause is in accord with instructions approved by this court. Y. & Y. Operating Co. v. Pugh, 179 Okla. 198, 65 P. 2d 186; Mathers v. Younger, 177 Okla. 294, 58 P. 2d 857; Toombs v. Cummings, 151 Okla. 166, 3 P. 2d 177; Chicago, R. I. & P. R. Co. v. Nagle, 55 Okla. 235, 154 P. 667. The requested instruction follows substantially the court's instruction defining proximate cause. A part of the requested instruction applies only to the negligence of defendant Shewmake and was not applicable to the issue of joint or concurrent negligence.

While plaintiff in error does not complain of instruction No. 12 given by the court on sudden emergency, it does complain, under its fifth proposition, that the court's failure to give a requested instruction on the same issue was error. The instruction given by the court correctly states the law. Mahoney v. Canafax, 23 Wash. 2d 869, 162 P. 2d 903; Courtney v. Garden State Lines, 120 N. J. L. 294, 199 Atl. 38; Bullock v. Williams, 212 N. C. 113, 193 S. E. 170. While the requested instruction may state the applicable rules more fully, we feel the instruction given correctly and sufficiently presented the issue of sudden emergency. It is well settled in this jurisdiction that where instructions by the trial court as a whole fairly present the law applicable to issues involved and covering the substance of requested instructions, it is

not prejudicial error to refuse to give the requested instructions. Shayler v. West, 199 Okla. 386, 185 P. 2d 957. The question of sudden emergency having been correctly presented to the jury, it was for the jury to determine whether, in the situation presented, the driver of the Hulett truck acted with the degree of care of a man of ordinary prudence.

The law is also settled in this jurisdiction that where separate or independent acts of negligence of several combine to produce directly a single injury, although concert is lacking, each is responsible for the entire result, even though his act or neglect alone might not have caused it, and that it is not necessary that they be acting together and in concert, if their concurring negligence occasions an injury. All American Bus Lines v. Saxon, 197 Okla. 395, 172 P. 2d 424; Oklahoma Ry Co. v. Ivery, 201 Okla. 245, 204 P. 2d 978.

Plaintiff in error's remaining propositions go to the sufficiency of plaintiff's evidence to show negligence on the part of the driver of the Hulett truck. We hold that there was competent evidence from which the jury might reasonably conclude that both defendants were guilty of negligence, and that such negligence was the proximate cause of the damages suffered by plaintiff.

The judgment is affirmed.

This court acknowledges the services of Attorneys Albert L. McRill, Bruce McClelland, Sr., and Ned Looney, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by this Court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur. O'NEAL, J., dissents.