W. L. HULETT LBR. CO. v. VIKING FREIGHT CO.

No. 34950. Jan. 27, 1953.

*252 P. 2d 1017.*

Arthur G. Croninger, Miami, for plaintiff in error.

A. C. Wallace, John R. Wallace, and Ben T. Owens, Miami, for defendant in error.

DAVISON, J. This is an action wherein Viking Freight Company, a corporation, as plaintiff, sought to recover from the defendants, W. L. Hulett Lumber Company, a corporation, and Mrs. Lue Dema Shewmake, the sum $2,350, as damages for the almost complete destruction of a motor tractor trailer, resulting from a highway collision caused directly and proximately by the alleged negligence of the defendants. The case of W. L. Hulett Lumber Co. v. Bartlett-Collins Co., 206 Okla. 93, 241 P. 2d 378, grew out of the same occurrence and was an action for damage done thereby to the cargo being transported in plaintiff's tractor trailer. The parties here will be referred to as they appeared in the trial court.

At about 4:30 o'clock on the afternoon of October 31, 1947, one W. B. Grissette was driving a motor tractor trailer belonging to the plaintiff, Viking Freight Company, loaded with a cargo of glass products belonging to the Bartlett-Collins Company of Sapulpa, Oklahoma. He was driving along highway No. U.S. 66 in a northeasterly direction between Quapaw, Oklahoma, and Baxter Springs, Kansas, at a point some two miles northeast of Quapaw. Approaching him from the north was a one and one-half ton International truck, owned by the defendant Hulett Lumber Company, and being driven by one Noah Piercefield, with whom a helper, Charles Ferris, was riding. Immediately behind defendant's truck, the defendant Mrs. Lue Dema Shewmake was driving a passenger car in the same direction. She started around the Hulett truck at a time when it was only a few hundred feet from the plaintiff's vehicle. The right rear part of her car struck the left front part of the Hulett truck, which immediately went off into the ditch on the right side of the highway, traveled in the ditch about one hundred feet, came back up out of the ditch, crossed the highway and collided with plaintiff's trailer. The impact knocked the gas tank off the trailer and punctured it, spilling the gasoline over the highway under the trailer. The gasoline was ignited and the ensuing fire burned the trailer, its cargo and much of the motor tractor. The defendant Shewmake, after striking the Hulett truck and slightly damaging the fender of her car thereby, did not stop but continued on down the highway about a half a quarter of a mile when she noticed the fire and turned around and went back to the scene of the collision.

A jury trial of the issues resulted in a verdict for $2,350 for plaintiff as against the defendant Hulett Lumber Company only. From a judgment based thereon, said defendant had perfected this appeal.

The most serious contention of plaintiff in error is that the trial court committed reversible error in admitting, over the objection of the defendant Lumber Company, the testimony of the defendant Shewmake, that the driver of the lumber company truck turned to the left across the center line of the highway immediately before, and causing the collision of the truck and

the Shewmake car. This testimony was offered and admitted as evidence in chief by the plaintiff. It is contended that such proof was at variance with the issues and in contradiction of the allegation of facts constituting negligence, as contained in plaintiff's petition.

The petition contains the following allegations relative to negligence:

"2. Plaintiff alleges that said collision was caused by the negligence and want of care of the defendants, W. L. Hulett Lumber Company, and Mrs. Lue Dema Shewmake, in any or all of the following particulars, to-wit:

"(a) That the defendant, W. L. Hulett Lumber Company, was guilty of negligence in not keeping a proper lookout in the situation and under the conditions then existing in that had defendant's agent and employee, Noah Piercefield, kept a proper lookout he would have observed the trailer and tractor of the plaintiff approaching from the south on its own right hand side of the highway and would have observed the car driven by Mrs. Lue Dema *Shewmake attempting to pass him* all in time to have been able to have reduced the speed and altered the direction of his truck by turning to the right in such a manner as to have avoided a collision with the car driven by Mrs. Lue Dema Shewmake and to have thereby avoided crossing the center of the road and striking the plaintiff's trailer and tractor while plaintiff's trailer and tractor were on the right or east side of the road.

"(b) That the defendant, W. L. Hulett Lumber Company, was guilty of negligence in that the defendant's agent and employee, Noah Piercefield, was driving the truck owned by the defendant without maintaining proper control thereof, in that had the driver of said truck been driving with ordinary and reasonable care under the circumstances and the situation then existing he would have been able to have kept his truck on the right side of the center of the road and thereby would have been able to have avoided striking the truck owned by the plaintiff *even though his truck had previously been struck on the left front by the car own-ed and operated by Mrs. Lue Dema Shewmake.*

"(c) That the defendant, W. L. Hulett Lumber Company, was guilty of negligence in that said defendant violated Rule of the Road Number 1, 69 Okla. St. Ann. 583, in that said defendant's truck agent and employee, Noah Piercefield, permitted said truck to cross from the right or west side across the center of said road into the lane of oncoming traffic and strike the plaintiff's trailer and tractor with great force and violence.

"(d) That the defendant, Mrs. Lue Dema Shewmake, was guilty of negligence in driving said automobile at a reckless and excessive rate of speed under the conditions then and there existing, to-wit, a speed of approximately 45 miles per hour.

"(e) That the defendant, Mrs. Lue Dema Shewmake was guilty of negligence in that she violated Rule of the Road Number 2, 69 Okla. St. Ann. 583, *in that in passing the truck of the defendant, W. L. Hulett Lumber Company, she failed to keep to the left of the center of the road until clear of said truck but on the contrary negligently pulled over to the right before clearing said truck thus striking said truck owned by the defendant, W. L. Hulett Lumber Company,* and that said collision contributed to the fact that the operator of the truck owned by the defendant, W. L. Hulett Lumber Company, lost control of said truck thereby permitting it to strike the trailer and tractor owned by the plaintiff.

"(f) That the combination of negligent acts on the part of the defendants as above described were the direct and proximate cause of the truck belonging to the W. L. Hulett Lumber Company crossing to the wrong side of the road and running into the trailer and tractor owned by plaintiff while said trailer and tractor on the right and proper side of the road, without which acts of negligence on the part of the defendants said accident would not have occurred and the trailer and tractor of plaintiff would not have been damaged."

Section 311 of Title 12 O.S. 1941 provides:

"No variance between the allegations in a pleading and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

The testimony objected to was in reference to a part of a rapidly occurring series of facts culminating in the collision with, and injury to, plaintiff's truck. It was about a fact already detailed by plaintiff's driver, although not in harmony therewith. The testimony was held admissible in the Bartlett-Collins case, supra, when offered on behalf of the defendant Shewmake. Here, as there:

"The undisputed physical facts in the case show that when the International truck and the Chevrolet tudor collided only a dent three or four inches deep and approximately a foot long was made in the Chevrolet; that the truck went off into a bar-ditch, traveled about 100 feet, came up from the bar-ditch, traveled 30 or 40 feet, crossed the pavement, and struck the Viking truck with such force as to puncture and knock off its gasoline tank, break in two the motor of the Hulett truck and damage its whole front 'almost to the cab'."

"The negligent acts charged by plaintiff against the Hulett Company are failure to keep a proper lookout, driving its truck without maintaining control thereof, and violating the Rule of the Road by permitting its truck to cross the road and collide with the Viking truck. Whether the collision between the Hulett truck and the Shewmake car was sufficient, from the physical facts shown, to cause the damage alleged to have been done to the Hulett truck, and whether the lack of control of the truck was due solely to the collision with the Shewmake car, were facts on which reasonable minds might differ. Not alone the human testimony, but the physical facts as well, were properly considered by the jury in arriving at its verdict. Oklahoma Ry. Co. v. Ivery, 201 Okla. 245, 204 P. 2d 978. And certainly the testimony of the defendant Shewmake as to the cause of the collision should be considered along with the other evidence and given such weight as the jury might think it deserved."

Even though plaintiff's position be taken as true that, technically, there was a variance between the allegations in the petition and the questioned testimony, that in itself does not constitute reversible error. In construing the above-quoted statutory provision, this court, in the case of Franks v. Reeder, 101 Okla. 18, 223 P. 126, used the following language which is here applicable:

"There is a well-defined, although often disregarded, distinction between variance and failure of proof. The one is frequently used to include the other. In this case the evidence supports the cause of action pleaded and therefore there is no failure of proof. The fact is immaterial that it also establishes another right, which the plaintiff did not plead, and upon which he did not seek or obtain relief. Incidental proof of another cause of action upon which plaintiff neither seeks nor obtains relief is not necessarily such a material variance as will invalidate the judgment rendered, provided the proof does support the cause of action pleaded, and upon which recovery is had, and the evidence at variance does not otherwise prejudice the court or judge. Under the circumstances of this case such evidence is nothing more than proof of a harmless addition to the cause of action the plaintiff sought to enforce— merely proof of a right he had effectively waived."

Although the facts are not at all analogus, the same rule of law was reaffirmed in the case of Howard v. Stewart, 195 Okla. 491, 159 P. 2d 527. In the case under consideration, any variance was, at most, a harmless error. As was further said in the case of Franks v. Reeder, supra:

"It does not appear that defendant has been misled to his prejudice by the alleged variance, if any there be. The plaintiff proved just what in his

petition he undertook to prove. He proved more, but relied on nothing more. Under this statute defendant has no just complaint. See Guinan v. Readdy, 79 Okla. 111, 191 P. 602."

The other questions presented are not substantially different from those discussed and determined in the Bartlett-Collins case above cited and quoted, the last paragraph of which is also applicable here. It is:

"Plaintiff in error's remaining propositions go to the sufficiency of plaintiff's evidence to show negligence on the part of the driver of the Hulett truck. We hold that there was competent evidence from which the jury might reasonably conclude that both defendants were guilty of negligence, and that such negligence was the proximate cause of the damages suffered by plaintiff."

The judgment is affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, DAVISON, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur. O'NEAL, J., dissents.